Argued and submitted June 16, 1994, reversed and remanded March 8, 1995

Robert ABBOTTS,
*Appellant,*

*v.*

David Patrick BACON,
a single person;
Douglas Steven Bacon,
a single person,
*Defendants,*

*and*

TILLICUM CLUB, INC.,
an Oregon corporation,
*Respondent.*

(C92-1176CV; CA A80720)

891 P2d 1321

Kathryn H. Clarke argued the cause and filed the brief for appellant. With her on the reply brief was Maureen Leonard.

Mildred J. Carmack argued the cause for respondent. With her on the brief were James B. O'Hanlon, Kathryn R. Morton and Schwabe, Williamson & Wyatt.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

RIGGS, J.

Haselton, J., dissenting.

### RIGGS, J.

Plaintiff appeals from a judgment granting defendant's motion to dismiss. He argues that the trial court erred in its determination that the service of summons on defendant was inadequate under ORCP 7D. We reverse and remand.

Plaintiff filed this personal injury action on November 4, 1992, naming a corporation, Tillicum Club, Inc., as a defendant.[1] On November 10, 1992, plaintiff attempted service of summons upon defendant's registered agent, Cynthia Meredith. The process server went to the Tillicum Club, which is defendant's place of business and the listed address for its registered agent. After entering the bar, the process server asked for "the person in charge." She was directed to the bartender on duty, who was in a storeroom near the bar's entrance. The process server asked the bartender if she was Cynthia Meredith, and the bartender responded no, that Meredith "was not there at the moment." The process server handed the complaint and summons to the bartender, who stated that she would make sure the papers were given to Meredith. On January 8, 1993, plaintiff mailed a copy of the complaint and summons, along with a statement of the time, date and place at which service was made, to defendant at the registered agent's address.

Defendant filed a motion to dismiss on the ground that plaintiff did not effect adequate service on the corporation. The trial court granted defendant's motion and dismissed the complaint. Plaintiff argues that the trial court incorrectly determined that plaintiff failed to adequately serve defendant. Whether service was sufficient under ORCP 7D is a question of law. *Luyet v. Ehrnfelt*, 118 Or App 635, 638, 848 P2d 654 (1993).

ORCP 7D(1) provides:

"Summons shall be served * * * in any manner reasonably calculated, under all the circumstances, to apprise the

---

[1] Plaintiff also named two individual defendants, David Patrick Bacon and Douglas Steven Bacon. On May 17, 1993, the trial court entered a default judgment against the individual defendants. Therefore, our reference to defendant in this opinion is to the corporation only.

defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend."

That rule does not require a particular method of service to satisfy the reasonable notice standard; however, ORCP 7D(2) sets forth several methods of service that may be used, and ORCP 7D(3) describes which methods may be used for particular defendants. *Baker v. Foy*, 310 Or 221, 225-26, 797 P2d 349 (1990). We apply a two-step test to determine whether service was adequate:

"First, if the plaintiff used one of the methods described in ORCP 7, then service is presumed to have been reasonably calculated to apprise the defendant of the action and to afford [the defendant] a reasonable opportunity to appear and defend. Second, if the defendant rebuts that presumption, or if the plaintiff did not use one of the methods described in the rule, then the court must determine whether service, nevertheless, was adequate, because it satisfied the 'reasonable notice' standard set forth in ORCP 7D(1)." *Mitchell v. Harris*, 123 Or App 424, 427, 859 P2d 1196 (1993).

■ Here, plaintiff claims to have completed service under ORCP 7D(3)(b)(i), which sets forth the primary service method for corporations and limited partnerships:

"[Service may be made] by personal service or office service upon a registered agent, officer, director, general partner, or managing agent of the corporation or limited partnership, *or by personal service upon any clerk on duty in the office of a registered agent*." (Emphasis supplied.)

Plaintiff argues that he satisfied the requirements of ORCP 7D(3)(b)(i) by personally serving a clerk on duty, the bartender, in the office of defendant's registered agent.[2] Defendant contends that service was inadequate because it did not occur in the registered agent's "office," a separate room within the defendant's place of business, and that the bartender did not qualify as a "clerk" on duty in the office of the registered agent.

---

[2] Plaintiff argues, in the alternative, that he satisfied ORCP 7D(3)(b)(i) through office service on defendant's registered agent. In support of his argument, he cites *Boyd and Boyd*, 131 Or App 194, 884 P2d 556 (1994), *rev den* 320 Or 507 (1995), which examined the requirements and legislative history of office service under ORCP 7D(2)(c). Because of our disposition of plaintiff's first argument, we need not reach plaintiff's alternative argument.

It is undisputed that service was attempted at the location defendant designated as the address for its registered agent. That location, the Tillicum Club, is also defendant's place of business. Service occurred at the Tillicum Club, but defendant argues that it was inadequate because it was not made in the registered agent's "office," a room down a hallway from the bar area. We find such a distinction inconsequential here. The listed address for defendant's place of business and its registered agent are the same, and that address is not shared by any other business entity. The Tillicum Club is a single-story, stand-alone structure and each of its entrances leads to the bar area. The address itself did not identify an office or suite number that would have suggested to third parties that the registered agent's office was separate from the bar. The small size and close physical layout of the Tillicum Club reduce to a mere formality defendant's attempt to separate its place of business from its agent's office. Service of summons in the Tillicum Club was service in the registered agent's office.

The next issue is whether the employee who plaintiff personally served was a "clerk" on duty in the registered agent's office. ORCP 7D(3)(b)(i). The term "clerk" is not defined in the rules. Accordingly, our task is to discern the legislature's intended meaning for the term as it is used in ORCP 7D(3)(b)(i). *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). The first source we use in statutory construction is the text and context of the rule. 317 Or at 611. Read alone, the language of ORCP 7D(3)(b)(i) itself does not reveal anything about the scope or meaning of the term "clerk." Consideration of the surrounding rules of procedure is similarly uninformative.

If, after a review of the text and context, the language of the rule still remains unclear, we consult the legislative history of the provision for explanation of the legislature's intent. The portion of ORCP 7D(3)(b)(i) at issue in this case originally appeared as an amendment to *former* ORS 15.080 (*repealed by* Or Laws 1979, ch 284, § 199) before it was incorporated into the ORCP in 1979.[3] The legislative history

---

[3] *Former* ORS 15.080(1)(a) provided, in part:

"The summons shall be served by delivering a copy thereof, with a copy of the complaint * * * as follows:

of the amendment contains a brief discussion of the meaning of the term "clerk." In response to a question from a legislator about the term, there was testimony that "clerk" referred to a "secretary, typist, [or] receptionist" in the registered agent's office. Tape Recording, House Judiciary Committee, June 14, 1977, Tape 46, Side II at 838-44. No further discussion of the term followed that response.[4] From those examples, we conclude that the legislature intended the meaning of "clerk" to encompass those employees in the registered agent's office who interact with the public, have regular contact with the registered agent, and for whom there is some obligation to pass along documents to the registered agent.[5]

■      In this case, the registered agent's office is in a bar and the "clerk" in that office is, under these circumstances, the bartender.[6] The process server went to defendant's registered

---

"(1) If the action is against a private corporation:

"(a) To the registered agent of the corporation or to any clerk on duty in the office of the registered agent[.]"

[4] A review of statements regarding ORCP 7D that were submitted by the Council on Court Procedures during the 1979 legislative session did not uncover any explanation of the intended meaning of "clerk." Summary of Rules: Council on Court Procedures-Rules 1-10, Exhibit A, House Judiciary Committee (Feb. 15, 1979). *See also* Merrill, *Jurisdiction and Summons in Oregon* 160-63, § 2.14 (1986).

[5] At this stage of analysis, without any affirmative legislative history to support its position, the dissent relies heavily on the "plain meaning" of "clerk" as derived from definitions in *Webster's Third New International Dictionary* (unabridged 1971). Based on those definitions, the dissent comes to the conclusion that the key characteristic of a "clerk" is "responsibility for handling documents." 133 Or App at 321 n 1.

Because the meaning of "clerk" is susceptible to subtle differences in interpretation, and there is some legislative history that provides a glimpse of the legislature's intended meaning, reference to a dictionary in this situation is inappropriate. Instead of turning to a source that the legislature might not have considered, a better approach is to look at the examples of "clerks" that the legislature provided and identify general characteristics that are reasonable in the light of the language and context of the rule itself. We believe that employee status and contact with the registered agent are the most obvious characteristics. Interaction with the public is another characteristic, because a "clerk" presumably stands as the registered agent's representative to third parties who are attempting to effect service on a defendant corporation. The option of serving a "clerk" of a registered agent under ORCP 7D(3)(b)(i) would be meaningless if that individual were invisible or unavailable to the public.

[6] The dissent points to the registered agent's instruction to her employees not to accept anything on behalf of herself or the tavern that required a signature as support for the trial court's presumptive finding that the bartender did not have a duty to insure that the complaint and summons reached her employer. 133 Or App at

agent's office, verified that the agent in fact worked at the immediate location, and then proceeded to serve the bartender on duty there. The bartender, an acknowledged employee of the registered agent, affirmatively indicated to the process server that she would see that the documents reached her employer. On these facts, we conclude that the bartender plaintiff served was a "clerk" in defendant's registered agent's office and that service was effected in accordance with ORCP 7D(3)(b)(i).

Plaintiff is entitled to the presumption of adequate service and there is nothing in the record to overcome that presumption. *Baker v. Foy, supra,* 310 Or at 228-29. Therefore, we need not consider whether service complied with the reasonable notice standard of ORCP 7D(1).

Reversed and remanded.

**HASELTON, J.,** dissenting.

A bartender is not a clerk. Accordingly, I must dissent.

The majority acknowledges that the defining characteristic of a clerk for purposes of ORCP 7D(3)(b)(i) is the responsibility for handling and transmitting documents to the registered agent. 133 Or App at 321. That requirement accords both with the commonly understood meaning of "clerk"[1] and with the realities of office service: An employee

---

323. First, we note that service of summons on a "clerk" under ORCP 7D(3)(b)(i) does not require a signature. Second, whether an employee is a "clerk" should be viewed from the perspective of the person serving the summons. *See* Merrill, *Jurisdiction and Summons in Oregon* 155, § 2.10 (1986) (whether a person is "apparently in charge" for the purposes of ORCP 7D(2)(c) is taken from the viewpoint of the person serving the summons). According to the process server's affidavit, the bartender stated that she would "make sure the papers were given to Cynthia Meredith." From that exchange, it was reasonable for the process server to believe that the bartender had an obligation to pass documents on to her employer.

---

[1] When construing statutes, we first examine the text and context of the statutory provision. *PGE v. Bureau of Labor and Industries,* 317 Or 606, 610, 859 P2d 1143 (1993). In so doing, words of common usage are given their plain, natural, and ordinary meaning. 317 Or at 611. *Webster's Third New International Dictionary* 421 (unabridged 1971) provides the following definitions for "clerk":

"3 a: an employee or official responsible (as to a corporation or government agency) for correspondence, the keeping of records and accounts * * *.

"[3] b (1): one employed (as in a business office) to keep records or accounts or to perform more or less routine office tasks * * *."

with document-handling responsibilities is presumably more likely to actually convey a summons and complaint to the registered agent than an employee without such responsibilities. Nonetheless, the majority fails to explain how or why bartenders in general, or the Tillicum Club's bartenders in particular, have document processing responsibilities akin to those of "secretar[ies], typist[s], [or] receptionist[s]." 133 Or App at 320.

The majority does not, I believe, purport to hold that all bartenders are clerks. Nor could it plausibly.[2] Thus, the majority's holding must turn on an implicit conclusion that *this* bartender was a clerk of defendant's registered agent, Cynthia Meredith.

That conclusion, however, disregards Meredith's affidavit, which states that she instructed the bartender "not to accept anything on my behalf or on behalf of the tavern that required a signature." That averment afforded a sufficient evidentiary basis for the trial court's presumptive finding that the bartender had no duty to insure that the registered agent received the summons. *See Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968).[3] Thus, this bartender was not a clerk, and plaintiff did not effect service on defendant's registered agent under ORCP 7D(3)(b)(i).

Plaintiff argues, in the alternative, that there was effective office service on the registered agent. ORCP 7D(2)(c).[4] I disagree. The bartender was not a "person who is

---

[2] Such a holding would evoke a sign from my youth: "Shakey's has an agreement with the bank: Shakey's doesn't cash checks, and the bank doesn't make pizza." In general, bartenders don't process documents, and secretaries don't mix drinks. Sam Malone was not Della Street.

[3] The majority suggests that, notwithstanding Meredith's affidavit, service could be deemed sufficient because clerk status should be judged "from the perspective of the person serving the summons" and because the bartender told the process server that she would "make sure" that the papers were given to Meredith. 133 Or App at 320-21 n 6. That reasoning is remarkable. By logical extension, *any* employee who has regular contact with the public and with the registered agent can be deemed a "clerk" so long as he or she volunteers to transmit the summons and complaint, regardless of his or her actual job duties. Thus, service on an accommodating or disgruntled elevator operator, waiter, or parking lot attendant would be sufficient, regardless of whether the registered agent actually received the summons and complaint. That construction effectively reads "clerk" out of ORCP 7D(3)(b)(i).

[4] ORCP 7D(2)(c) provides:

"If the person to be served maintains an office for the conduct of business,

apparently in charge" under the definitional test articulated in *Boyd and Boyd*, 131 Or App 194, 884 P2d 556 (1994), *rev den* 320 Or 507 (1995): "[T]he person physically receiving the summons must have a business duty to insure that the defendant received the summons." 131 Or App at 199.

I will not pretend that dismissal of plaintiff's action is sensible or just. There is no question that defendant actually received the complaint and summons in a timely fashion and was not prejudiced by the deficiencies in service. But Oregon's arcane rules governing service of process make no allowance for actual notice and, thus, compel such technically correct, but practically absurd, results. Amendment, not judicial ingenuity, is the answer.[5]

I respectfully dissent.

---

office service may be made by leaving a true copy of the summons and complaint at such office during normal working hours with the person who is apparently in charge. Where office service is used, the plaintiff, as soon as reasonably possible, shall cause to be mailed a true copy of the summons and complaint to the defendant at the defendant's dwelling house or usual place of abode or defendant's place of business or such other place under the circumstances that is most reasonably calculated to apprise the defendant of the existence and pendency of the action, together with a statement of the date, time, and place at which office service was made. For the purpose of computing any period of time prescribed or allowed by these rules, office service shall be complete upon such mailing."

[5] On appeal, plaintiff did not argue that, even if the service did not comply with one of the enumerated methods described in ORCP 7, it was adequate because it was effected in a "manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." ORCP 7D(1). *See Baker v. Foy*, 310 Or 221, 225-26, 797 P2d 349 (1990). Consequently, I express no opinion as to whether the service in this case satisfied that standard.