Argued and submitted May 18, 1995, affirmed March 27, 1996

Evdokia ENSIGN,
*Respondent,*

*v.*

MARION COUNTY,
*Appellant.*

(93C12011; CA A85075)

914 P2d 5

Jane Ellen Stonecipher, Assistant Legal Counsel, argued the cause for appellant. With her on the briefs was Robert C. Cannon, Marion County Legal Counsel.

Matthew Lansing Roy argued the cause for respondent. With him on the brief was Vick & Gutzler.

Before Deits, Presiding Judge, and Haselton and Armstrong, Judges.

ARMSTRONG, J.

Haselton, J., concurring.

## ARMSTRONG, J.

Marion County appeals from a judgment entered pursuant to a jury verdict for plaintiff on a negligence claim. Plaintiff sought damages for injuries she sustained in a collision between her car and a car driven by a Marion County deputy sheriff. At trial, the court admitted into evidence the findings and conclusions of an investigation into the collision by the Marion County Sheriff's board of review. The county argues that the court erred in doing so, because the findings and conclusions constitute evidence that was inadmissible under OEC 407 as evidence of a subsequent remedial measure. The county also asserts that the trial court erred by admitting testimony that the county reprimanded the deputy involved in the collision. It contends that the reprimand also was a subsequent remedial measure, evidence of which was inadmissible under OEC 407. We review for errors of law and affirm.[1]

Plaintiff sued the county for damages, claiming that a deputy sheriff of the county drove in a negligent manner, causing his car to collide with plaintiff's. The deputy was responding to a 9-1-1 call. As he approached the intersection of Highways 99E and 214, he activated his car's lights and siren. Plaintiff entered that intersection from Highway 214 on a green light. The deputy entered the intersection from Highway 99E on a red light and collided with plaintiff.

The Marion County Sheriff's board of review convened to inquire into the accident. The board made findings and reached conclusions based on its review of accident reports, photographs and a dispatch tape. A letter from the board to the deputy's supervisors contains the board's findings and conclusions. The supervisors subsequently reprimanded the deputy.

Before trial, the county moved to exclude from evidence the letter containing the board's findings and conclusions, as well as evidence of any disciplinary action taken by

---

[1] Because the issue in this case, whether certain of the county's actions constitute subsequent remedial measures under OEC 407, is essentially an issue of statutory interpretation, we review for errors of law. *See Lincoln Loan Co. v. City of Portland*, 317 Or 192, 199, 855 P2d 151 (1993).

the county as a result of the collision. The county based its motion on OEC 407, which provides:

"When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event. This section does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment."

The court denied the county's motion.

At trial, over the county's objection, the court admitted the board's letter into evidence and also admitted testimony that the deputy was reprimanded. In addition, the court allowed the following findings and conclusions from the board's letter to be read to the jury:

"The [board] concluded that [the deputy] was not responding to an emergency situation at the time [of the accident].

"* * * * *

"The [board] concluded that [the deputy] went around the stopped traffic and entered the intersection on the red light without stopping or using due care.

"* * * * *

"The [board] found that the primary cause of the accident was [the deputy] proceeding past the red light without using due care, reference ORS [820.300(1)(b), (2)(a)].[2]

---

[2] ORS 820.300 provides, in relevant part:

"(1) Subject to conditions, limitations, prohibitions and penalties established for emergency vehicle drivers under ORS 820.320[,] * * * the driver of an emergency vehicle * * * may do any of the following:

"* * * * *

"(b) Proceed past a red signal or stop sign.

"* * * * *

"(2) The provisions of this section:

"(a) Do not relieve the driver of an emergency vehicle * * * from the duty to drive with due regard for the safety of all other persons."

"The [board] found the following factors contributed to the occurrence and seriousness of the accident: Speed, visibility, weather, and an unnecessary elevated response decision.

"The [board] found that the accident could have been prevented had [the deputy] been operating in compliance with ORS [820.300(1)(b), (2)(a) and 820.320(1)(b)-(f)].[3]

"The [board] further finds that responsibility for the accident lies primarily with [the deputy,] with [another deputy of the county] contributing to his actions."

The board's findings and conclusions were offered solely for the purpose of proving that the deputy acted negligently.

■     We first address whether the board's findings and conclusions constitute subsequent remedial measures under OEC 407.[4] OEC 407 applies only to measures "taken which, if taken previously, would have made the event less likely to occur." Subsequent remedial measures encompassed by the rule include "subsequent repairs, installation of safety devices, changes in company rules and discharges of employees." OEC 407 Commentary (1989). The rationale behind the rule is to encourage people to take, or at least not to discourage people from taking, steps to promote safety. *Id.*

---

[3] ORS 820.320(1)(b)-(f) provide, in relevant part:

"(1) A person commits the offense of illegal operation of an emergency vehicle if the person is a driver of an emergency vehicle and the person violates any of the following:

"* * * * *

"(b) The driver of an emergency vehicle must use a visual signal with appropriate warning lights when the driver is exercising privileges granted under ORS 820.300.

"(c) In addition to any required visual signal, the driver of an emergency vehicle must make use of an audible signal meeting the requirements under ORS 820.370 when the driver is proceeding past a stop light or stop sign under privileges granted by ORS 820.300(1)(b).

"* * * * *

"(f) In proceeding past any stop light or stop sign under the privileges granted by ORS 820.300, the driver of an emergency vehicle must slow down as may be necessary for safe operation."

[4] The county did not assert any privilege or work-product protection regarding the board's letter, nor did it argue that the letter should be excluded under OEC 403.

■     To be excluded under the rule, the measure at issue must be one that could have been taken before the event that gave rise to the claim. OEC 407. One cannot investigate an accident before it occurs, so an investigation and report of the cause of an accident, such as the board letter at issue here, cannot be a measure that is excluded from evidence under the rule.[5]

Our conclusion about the admissibility of the board's report is consistent with the conclusions reached by federal courts in comparable cases under FRE 407, which is the rule on which OEC 407 is based. *See* OEC 407 Commentary (1989)(OEC 407 is identical to FRE 407). In *Prentiss & Carlisle v. Koehring-Waterous*, 972 F2d 6, 9-10 (1st Cir 1992), the court upheld admission of the results of an investigation into the cause of a fire that destroyed a piece of logging equipment, even though the investigation led the manufacturer to take remedial measures to prevent a recurrence of the fire. The court distinguished between evidence of an analysis of the cause of the fire, which was admissible, and evidence of actions taken as a result of that analysis, which was not:

> "The fact that the analysis may often result in remedial measures being taken * * * does not mean the evidence of the analysis may not be admitted."

*Id.* at 10.

Similarly, in *Rocky Mountain Helicopters, Inc. v. Bell Helicopters*, 805 F2d 907, 918 (10th Cir 1986), the court upheld admission of a helicopter manufacturer's post-accident "stress test" of potentially defective parts, stating that "it would strain the spirit of the remedial measure prohibition in [FRE] 407 to extend its shield to evidence contained in post-event tests or reports." *See also Benitez-Allende v. Alcan Aluminio do Brasil, S.A.*, 857 F2d 26, 33 (1st Cir 1988), *cert den* 489 US 1018 (1989) (report about defects in product was not a remedial measure even though report led to decision to take remedial measures); *Westmoreland v. CBS, Inc.*, 601 F Supp 66, 67-68 (SDNY 1984) (report of internal investigation

---

[5] A report about the cause of an accident conceivably could lead to measures that might be excluded from evidence under OEC 407, but we express no opinion about the admissibility of evidence about such measures.

of allegedly defamatory broadcast was not a remedial measure that was inadmissible under FRE 407). *But cf. Maddox v. City of Los Angeles*, 792 F2d 1408, 1417 (9th Cir 1986) (statement made by police officer in the course of police disciplinary proceeding inadmissible).

In this case, to exclude the board's findings and conclusions as evidence of a subsequent remedial measure would expand OEC 407 beyond its intended bounds. The trial court did not err by admitting the report of the board's findings and conclusions into evidence over defendant's objection. OEC 407.

■ The county also asserts that the deputy's reprimand was a subsequent remedial measure and, therefore, that the court erred in admitting testimony about it. We need not resolve that issue, however, because OEC 103 states that "[e]rror may not be predicated upon a ruling [that] admits or excludes evidence unless a substantial right of the party is affected." The error, if any, in admitting testimony about the reprimand did not have that effect.

In this case, the extent of the evidence about the deputy's reprimand was this testimony:

"Q.   Officer, you received a letter of reprimand from your superiors for this accident, didn't you?

"A.   Yes, I did.

"Q.   Did you protest that letter of reprimand?

"A.   No, I did not."

Assuming without deciding that the reprimand was a subsequent remedial measure, in this case failing to exclude evidence about the reprimand would not affect a substantial right of the county. *See* Laird Kirkpatrick, *Oregon Evidence* 16 (2d ed 1989) (courts consider probable effect of erroneous ruling to determine whether substantial right of a party was affected). Given our holding that the board's letter was properly admitted, any alleged error from admission of testimony about the reprimand was harmless. The county's other assignment of error is without merit and does not require discussion.

Affirmed.

**HASELTON, J.,** concurring.

I agree that the express "if taken previously" language of OEC 407 compels our holding. The obvious, and unfortunate, consequence is that public entities—including, particularly, law enforcement agencies—may forgo discretionary internal investigative processes so as to avoid generating inculpatory evidence. That, in turn, will subvert, not promote, public safety. *Compare* OEC 407 Commentary (1981) (noting that rule is based, in part, on "a social policy of encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety").

Still, the rule's text admits of no other construction. The answer, if any, lies in legislative action, not judicial artifice. *Cf. Abbotts v. Bacon,* 133 Or App 315, 323, 891 P2d 1321 (1995) (Haselton, J., dissenting).