Argued August 31, 1979, reversed and remanded March 3,
reconsideration denied April 9,
petition for review denied April 22, 1980 (289 Or 71)

HAROLD DEAN McCARTY,
*Appellant,*

*v.*

STATE OF OREGON,
*Respondent.*

(No. 101-533, CA 11816)

607 P2d 219

Jerome E. LaBarre, P.C., Portland, and John S.
Ranson, Portland, argued the cause for appellant.
With them on the briefs was Ransom, Rogers & Black-
man, Portland.

[21]

Michael A. Lehner, Portland, argued the cause for respondent. With him on the brief were Wm. H. Mitchell, and Hershiser, Mitchell, Mowery & Davis, Portland.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

In this personal injury action, plaintiff, an inmate of the Oregon State Penitentiary, obtained a jury verdict against defendant; judgment was entered thereon. Within the time permitted by law, defendant filed a motion for judgment notwithstanding the verdict, which the trial judge, after oral argument, indicated he was granting. Plaintiff objected to the form of order presented to the trial court by defendant, and submitted his own form of order. The matter was not resolved and no order was entered within 55 days from the time of the entry of the judgment as required by former ORS 17.615. After the expiration of the statutory period the court, purporting to act on its own motion, set aside the judgment for plaintiff and entered judgment for defendant. It is from this order and judgment that the plaintiff appeals, contending that the court lacked authority to enter it.

Defendant filed a brief both as respondent and as "cross-appellant," but did not file a notice of cross-appeal. As respondent, it contends that the trial court had authority to enter the order from which plaintiff appeals, and that the court properly set aside the judgment for plaintiff and entered a judgment notwithstanding the verdict for defendant. In its "cross-appeal" defendant raises two assignments of error claimed to have occurred during the trial. In this court plaintiff filed a motion to dismiss defendant's "appeal," or in the alternative to strike that portion of respondent's brief denominated as cross-appellant's brief. We reserved decision on plaintiff's motion until after oral argument in this court, at which time all questions presented by the appeal and motion were argued.

As we view the case, the only issues are (1) whether the trial court had authority after the expiration of 55 days from the entry of the judgment for plaintiff to enter a judgment n. o. v. for the defendant, and (2)

[23]

whether defendant's "cross-appeal" invoked the jurisdiction of this court. Because we answer both questions in the negative, we do not reach the underlying issues on the merits.

Former ORS 17.615 provided:

> "A motion to set aside a judgment and for a new trial, with the affidavits, if any, in support thereof, shall be filed within 10 days after the filing of the judgment sought to be set aside, or such further time as the court may allow. When the adverse party is entitled to oppose the motion by counter-affidavits, he shall file the same within 10 days after the filing of the motion, or such further time as the court may allow. The motion shall be heard and determined by the court within 55 days from the time of the entry of judgment, and not thereafter, and if not so heard and determined within said time, the motion shall conclusively be deemed denied."

The Supreme Court in *Ernst v. Logan Oldsmobile Co.*, 208 Or 449, 302 P2d 220 (1956), held that in order to meet the requirement of the statute that the motion be "heard and determined" within 55 days, the trial court must enter a final appealable order within that time, absent which the motion is deemed denied. Accord: *Clark v. Auto Wholesale Co., Inc.*, 237 Or 446, 391 P2d 754 (1964). Because the trial court did not enter such an order within the required time, defendant's motion was "conclusively" deemed denied and defendant could have appealed from the denial of that motion. It did not do so.

Defendant recognizes the obstacle which the two cited cases present, but contends that they should be overruled. That argument must be addressed to the Supreme Court. Defendant further contends that wholly apart from the statute the trial court has inherent authority to set aside a judgment on its own motion even after the 55 day period has expired. Defendant's arguments along this line are not persuasive, and if we were to agree that the trial court has

such inherent authority, the clear purpose of former ORS 17.615 would be frustrated.[1]

We hold that the trial court lacked authority to enter the order from which the plaintiff appeals, and we must reverse and remand the proceedings for reinstatement of the judgment on the jury verdict unless defendant's "cross-appeal" invokes the jurisdiction of this court. Defendant filed no notice of appeal from the judgment entered for the plaintiff; instead, it filed a motion for a new trial, or in the alternative, for a judgment and n. o. v. Because the trial court did not enter an order granting that motion within 55 days from the entry of the judgment for the plaintiff, that motion was deemed denied, but no notice of appeal was filed by defendant from the automatic denial of its motion.[2] Accordingly, its "cross-appeal" is not before this court, and plaintiff's motion to dismiss it is granted.[3]

[1] It would also frustrate the express provisions of former ORS 17.630, which provided:

"If a new trial is granted by the court on its own motion, the order shall so state and shall be made within 30 days after the filing of the judgment. Such order shall contain a statement setting forth fully the grounds upon which the order was made, which statement shall be a part of the record in the case. In event an appeal is taken from such an order, the order shall be affirmed only on grounds set forth in the order or because of reversible error affirmatively appearing in the record."

[2] Former ORS 19.026(1) and (2) provided:

"(1)   Except as provided in subsections (2) and (3) of this section, the notice of appeal shall be served and filed within 30 days after the entry of the judgment appealed from.

"(2)   Where any party has served and filed a motion for a new trial or a motion for judgment notwithstanding the verdict, the notice of appeal of any party shall be served and filed within 30 days from the earlier of the following dates:

"(a)   The date of entry of the order disposing of the motion.

"(b)   The date on which the motion is deemed denied, as provided in ORS 17.615."

[3] We recognize defendant's dilemma:   it did not appeal from the judgment for plaintiff because of its pending motion; it did not appeal from the statutory denial of its motion because the court said it would grant it; it could not appeal from the order entered by the trial court on its own motion because the order did not adversely affect defendant. Notwithstanding that dilemma, defendant could have appealed within 30 days following the expiration of 55 days after the entry of judgment for plaintiff.

Reversed and remanded with instructions to reinstate the judgment for the plaintiff on the jury's verdict.