Argued and submitted January 24, reversed June 18, 1986

STATE OF OREGON,
*Respondent,*

*v.*

ANDRE B. GATZKE, II,
*Appellant.*

(K33443; CA A36861)

720 P2d 1313

Edward P. Bernardi, Portland, argued the cause for appellant. With him on the brief was Bernardi & Spencer, Portland.

Keith L. Kutler, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction for driving a motorcycle without a motorcycle indorsement, a Class B traffic infraction, in violation of *former* ORS 482.192. The issue is whether the trial which led to his conviction was barred by a previous dismissal of the charge under ORS 136.130, which provides:

"If the court orders the accusatory instrument to be dismissed and the instrument charges a felony or Class A misdemeanor, the order is not a bar to another action for the same crime unless the court so directs. If the court does so direct, judgment of acquittal shall be entered. *If the accusatory instrument charges an offense other than a felony or Class A misdemeanor, the order of dismissal shall be a bar to another action for the same offense.*" (Emphasis supplied.)

We hold that it was and reverse.

The police officer who cited defendant failed to appear when the case was called for trial, and the trial judge announced that the case was dismissed. On the record appearing on the back of the traffic citation, the judge wrote, "Dism - P O no app" and initialed it. Sometime later that same day, the officer appeared in court and, noting that defendant was still present in the courtroom, the judge announced that the case would be tried. Defendant objected on the ground that the court had previously dismissed the charge. The trial court overruled the objection, proceeded to trial and found defendant guilty. He crossed out his previous notation on the citation and wrote "G" (guilty) in the abstract of record.

Defendant argues that the action which led to his conviction was barred by statute. The state argues that, under *State v. Swain/Goldsmith,* 267 Or 527, 517 P2d 684 (1974), the trial court's written order, rather than its oral pronouncement from the bench, governs the disposition of the case. That proposition is correct when the oral pronouncements and the written orders are inconsistent and a choice must be made. We understand the state's argument to be that the trial court's judgment of guilty, being its last written order, rather than its contrary prior oral pronouncement that the case was dismissed, is determinative under *Swain/Goldsmith.* That argument might have some merit were it not for the intervening

written order of dismissal, which obviously was not inconsistent with the court's oral pronouncement that the case was dismissed. This case would present a *Swain/Goldsmith* situation if the written order of dismissal was of no effect. In that event, the subsequent written judgment of conviction would prevail. Thus, the critical issue is the effect of the written order of dismissal. If the trial court's action effectively dismissed the traffic citation, its subsequent decision to proceed with the case and its judgment of guilty were barred by ORS 136.130.

Relying on *State v. Delker*, 26 Or App 497, 552 P2d 1313, *rev den* 276 Or 387 (1976), the state argues that the written order of dismissal was not effective until it was filed with the clerk of the district court. In *Delker*, the defendant argued that the period for the state to have filed its notice of appeal began to run when the trial judge orally announced his order suppressing evidence rather than from the date that the written order was filed with the clerk. We relied solely on *Charco, Inc. v. Cohn*, 242 Or 566, 411 P2d 264 (1966), and held that "[t]he order not being final and effective until filed, the appeal period should not begin running until that time." 26 Or App at 503.[1]

We decline to base a decision on that language for two reasons. First, our reliance in *Delker* on *Charco, Inc. v. Cohn, supra,* may have been misplaced. *Charco* held that a circuit court order not signed in open court did not become effective until filed with the clerk; however, that result was dictated by ORS 3.070,[2] which specifically states that filing is the act which makes such orders effective. It is not clear from our

---

[1] It is now clear that, in criminal cases, the effective date for appeal of a judgment or order is the date of entry in the register. ORS 138.071; *see also State v. Panichello*, 71 Or App 519, 692 P2d 720 (1984) (interpreting former version of ORS 138.071(1)).

[2] ORS 3.070 provides, as relevant:

"Any judge of a circuit court in any judicial district may, in chambers, grant and sign defaults, judgments, decrees, interlocutory orders and provisional remedies, make findings and decide motions, demurrers and other like matters relating to any judicial business coming before the judge from any judicial district in which the judge has presided in such matters. * * * If signed other than in open court, all such orders, findings, judgments and decrees issued, granted or rendered, other than orders not required to be filed and entered with the clerk before becoming effective, shall be transmitted by the judge to the clerk of the court within the county where the matters are pending. They shall be filed and entered upon receipt thereof and shall become effective from the date of filing."

opinion in *Delker* whether ORS 3.070 was even relevant to the case. In any event, it is not relevant here, because this case involves a district court order signed in open court. Second, the effectiveness of a judgment or order for purposes of appeal is a different question from that involved here. The former is a matter of administrative convenience. Entry into the register provides the parties with an identifiable event from which to calculate the period for filing a notice of appeal. *See* ORS 19.026; 138.071.

In this case, the trial court's written order effectively dismissed the action. There was nothing further for the trial court to do at that point that could have enhanced the effectiveness of the order of dismissal. The subsequent filing and entry of that order would merely have been ministerial acts which would have had no effect on the validity of the order itself. *See Daugharty v. Gladden,* 217 Or 567, 576-78, 341 P2d 1069, *cert den* 361 US 867 (1959); *Long v. Minto,* 81 Or 281, 286, 158 P 805 (1916); *State v. Blake,* 7 Or App 307, 310-11, 490 P2d 1026 (1971). The trial court erred in overruling defendant's objection.

Reversed.