On appellant's petition for reconsideration of order of dismissal dated February 24, reconsideration allowed; former decision adhered to June 14, 1989

In the Matter of the Marriage of

CONLEY,
*Respondent,*

*and*

CONLEY,
*Appellant.*

(D86-2007; CA A50707)

776 P2d 860

George W. Kelly, Eugene, for appellant.

William R. Valent, and Gevurtz, Menashe & Hergert, PC, Portland, for respondent.

Before Rossman, Presiding Judge, and Deits and Edmonds, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

1.      This case is before the court on wife's petition for review of the court's order dismissing her appeal as untimely. The issue is whether a motion for a new trial under ORCP 64F is "determined" as of the date that the trial judge makes an oral ruling from the bench, as opposed to the date of his written order. We treat the petition as a petition for reconsideration. ORAP 10.10(1). We allow reconsideration and adhere to our previous decision.

The final judgment was entered on September 28, 1988. Wife filed a motion for new trial on October 4, 1988, within the 10-day period allowed by ORCP 64F.[1] The trial judge held a hearing on November 8, 1988, and orally denied the motion from the bench; however, no written order denying the motion was entered until December 12, 1988. Wife filed her notice of appeal on January 12, 1989. Husband moved to dismiss the appeal for lack of jurisdiction, arguing that wife's motion for new trial was deemed denied 55 days after the date of entry of judgment, that under ORS 19.026(2) the notice of appeal was due not later than 30 days thereafter (on December 22, 1988) and that, because wife did not file her notice of appeal until January 12, 1989, the appeal was late. We allowed the motion to dismiss.

In her petition for reconsideration, wife argues that the trial court "determined" the motion for new trial on November 8, when the oral ruling was made from the bench, and that, because the motion was "determined" within 55 days from entry of judgment, ORCP 64F is inapplicable in determining when the appeal must be filed. Wife's theory would set the time within which to file a notice of appeal at 30 days from the date of entry of the order disposing of the

---

[1] ORCP 64F provides:

"A motion to set aside a judgment and for a new trial, with the affidavits, if any, in support thereof, shall be filed not later than 10 days after the entry of the judgment sought to be set aside, or such further time as the court may allow. When the adverse party is entitled to oppose the motion by counteraffidavits, such party shall file the same within 10 days after the filing of the motion, or such further time as the court may allow. The motion shall be heard and determined by the court within 55 days from the time of the entry of the judgment, and not thereafter, and if not so heard and determined within said time, the motion shall conclusively be deemed denied."

motion for new trial, regardless of whether the order was entered after expiration of the 55-day limit of ORCP 64F.

**2.**     We reject wife's theory. First, the purpose of the time limit in ORCP 64F is to prevent cases from remaining in trial courts for an extended period of time after final judgment. *See State ex rel State Farm Mutual Auto Ins. Co. v. Olsen,* 285 Or 179, 590 P2d 231 (1979). Wife's proposed construction of ORCP 64F would frustrate that purpose by allowing an open-ended period for entering a written order disposing of a motion under ORCP 64, if it could be said that the trial court had decided the motion at some point before expiration of the 55-day period. Second, a statement from the bench does not constitute an order or a judgment until it appears in a written order or judgment. *Barone v. Barone,* 207 Or 26, 294 P2d 609 (1956). That principle of law has been applied specifically to motions to set aside a judgment and for a new trial under the statutory predecessor of ORCP 64F. *Ernst v. Logan Oldsmobile Co.,* 208 Or 449, 302 P2d 220 (1956); *Clark v. Auto Wholesale Co., Inc.,* 237 Or 446, 391 P2d 754 (1964); *McCarty v. State,* 45 Or App 21, 607 P2d 219, *rev den* 289 Or 41 (1980).

**3.**     We hold that a motion for new trial under ORCP 64F is determined upon entry in the trial court register of a written order disposing of the motion. In the absence of a written order entered in the register within 55 days of entry of judgment, a motion for new trial is deemed denied and a notice of appeal must be filed within 30 days thereafter.

Reconsideration allowed; former decision adhered to.