Argued and submitted November 23, 1988, reversed and remanded with instructions to issue writ of mandamus (A43829) and to dismiss petition for writ of prohibition (A43830) July 5, reconsideration denied August 18, petition for review denied September 19, 1989 (308 Or 382)

STATE ex rel SCHRUNK,
*Appellant,*

*v.*

JOHNSON et al,
*Respondents.*

(A8603-01477; CA A43829 (Control))

STATE ex rel SCHRUNK,
*Appellant,*

*v.*

JOHNSON et al,
*Respondents.*

(A8603-01478; CA A43830)
(Cases Consolidated)

776 P2d 863

Brenda J Peterson, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Lawrence Matasar, Portland, argued the cause for respondents. With him on the brief was Hoffman, Matasar & Glaeser, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

State appeals denials of its petitions for writs of mandamus and prohibition, sought to prevent the defendant judge from enforcing an order for a new trial. We reverse and remand with instructions to issue the writ of mandamus and to dismiss the petition for writ of prohibition.

On August 5, 1985, a jury returned a verdict of guilty in *State v. Diane Englestad,* Multnomah County District Court Case No. DA 294978-8503. On January 13, 1986, defendant entered a judgment of conviction and imposed sentence, at which time Englestad filed a motion for a new trial. On January 31, 1986, the court held an evidentiary hearing on Englestad's motion. At the conclusion of the hearing, defendant orally stated that she would grant a new trial on her own motion under ORCP 64G; ORS 136.535.[1] On February 14, 1986, 32 days after entry of the judgment of conviction, defendant filed a written order granting a new trial and setting out the reasons for the order. On March 13, 1986, she filed an amended order identical to the February 13, 1986, order, except that it contained at the end: "Signed March 13, 1986 *nunc pro tunc* January 31, 1986." State sought writs of mandamus and prohibition to prevent the judge from enforcing the order.[2] The petitions were denied, and state appeals.

State argues that ORCP 64G precluded defendant from granting a new trial, because her order was not reduced to writing and filed within 30 days of the entry date of the original judgment. We agree. ORCP 64G provides:

"If a new trial is granted by the court on its own initiative, the order shall so state and shall be made within 30 days after the entry of the judgment. Such order shall contain a statement setting forth fully the grounds upon which the order was made, which statement shall be a part of the record in the case."

---

[1] The court apparently granted the new trial on its own initiative, rather than on Englestad's motion, because the grounds relied upon by Englestad are not enumerated in ORCP 64B.

[2] Defendant does not challenge the writ of mandamus as a remedy for the state in this action. We note, however, that, had the state challenged the order solely on the ground that defendant's ruling was erroneous on the merits, that ruling would not be redressable by mandamus. *State ex rel Schrunk v. Keys,* 97 Or App 65, 776 P2d 861 (1989).

Defendant first asserts that a notation made in the district court docket on the date of the hearing satisfies the requirement for a written order. That notation states "[DEFENDANT'S] MOTION GRANTED SET FOR JURY TRIAL." Defendant cites *State v. Gatzke,* 80 Or App 21, 720 P2d 1313 (1986), for the proposition that an informal, written notation in a district court case is the functional equivalent of a formal, written order in a circuit court case.

**1.** In *Gatzke,* a police officer who cited the defendant for a traffic infraction failed to appear when the case was called for trial. The trial judge dismissed the case, writing on the back of the citation, "Dism — P O no app." We held that that notation met the formal requirement for a written order of dismissal because, after the notation was made "[t]here was nothing further for the trial court to do at that point that could have enhanced the effectiveness of the order * * *." 80 Or App at 25. By contrast, an order for a new trial under ORCP 64G is not effective unless it contains "a statement setting forth fully the grounds upon which the order was made." ORCP 64G. No grounds were stated in the district court docket notation made in this case.

**2.** Defendant next argues that, because her oral statement on January 31, 1986, clearly indicated her intent to grant a new trial and set out the grounds on which her order would be based, that oral statement satisfied ORCP 64G. We recently considered and rejected a similar argument under ORCP 64F, relating to motions for a new trial brought by a party to the action. In *Conley and Conley,* 97 Or App 134, 776 P2d 860 (1989), the court entered a judgment, and the plaintiff filed a motion for a new trial, which the trial judge orally denied from the bench. However, no written order on the motion was entered until 74 days after the original judgment. The plaintiff then filed a notice of appeal within 30 days after the date when the written order was entered. ORS 19.026(2). We dismissed the appeal as untimely, holding that, because no written order on the motion for a new trial was entered within 55 days after the judgment was filed, the motion was presumed denied on the 55th day. ORCP 64F. We specifically held that the trial court's oral denial of the motion within the 55-day period was of no effect, because "a statement from the bench does not constitute an order or a judgment until it appears in a written order or judgment." 97 Or App at 137; *see also McCarty*

*v. State,* 45 Or App 21, 607 P2d 219 (1979), *rev den* 289 Or 71 (1980).

**3.** Although the language of ORCP 64G differs somewhat from that of ORCP 64F,[3] the difference is not significant here. Under both rules, the trial court loses its authority to order a new trial after a certain time. We see no reason to apply a different standard of formality to orders based on the court's own motion, as opposed to orders based on a party's motion.[4]

Reversed and remanded with instructions to issue the writ of mandamus (A43829) and to dismiss the petition for writ of prohibition (A43830).

---

[3] ORCP 64F states that a motion for a new trial "shall be heard and determined" within 55 days; ORCP 64G states that an order on the court's own initiative "shall be made" within 30 days.

[4] We reject defendant's argument that her amended order *nunc pro tunc* cured the untimeliness of the original order. To give effect to such an order would, in our view, entirely undermine the time limitation requirements relating to the entry of judgments and orders.