On Motion to Dismiss Cross-Appeal filed July 5, Response to State's Motion to Dismiss Cross-Appeal and Motion to Dismiss State's Appeal and Alternative Motion to Treat Notice of Cross-Appeal as Designation of Additional Proceedings filed July 13, and Response to Defendant's Motion to Dismiss State's Appeal, filed July 18, motions to dismiss granted; appeal dismissed; cross-appeal dismissed November 1, 2000

## STATE OF OREGON,
*Appellant - Cross-Respondent,*

*v.*

## TREVOR RYAN LESLEY,
*Respondent - Cross-Appellant.*

## (99C-41014; CA A108516)

13 P3d 571

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Douglas F. Zier, Assistant Attorney General, for Motion to Dismiss Cross-Appeal filed July 5, 2000, and Response to Defendant's Motion to Dismiss State's Appeal, filed July 18, 2000.

Robin A. Jones, Deputy Public Defender, for Response to State's Motion to Dismiss Cross-Appeal and Motion to Dismiss State's Appeal and Alternative Motion to Treat Notice of Cross-Appeal as Designation of Additional Proceedings, filed July 13, 2000.

Before Haselton, Presiding Judge, and Armstrong and Brewer, Judges.

HASELTON, P. J.

**HASELTON, P. J.**

The state appeals, and defendant cross-appeals, from the trial court's order allowing a motion for a new trial. ORCP 64 B. Each has moved to dismiss the other party's appeal. As we explain below, the state's appeal is untimely, and there is no statutory basis for defendant's cross-appeal. We grant both motions to dismiss.[1]

After a jury trial, defendant was convicted of two counts of second-degree assault, ORS 163.175, and first-degree robbery, ORS 164.415. On September 13, 1999, defendant filed a motion for a new trial on the grounds that a new witness had been located whose testimony would materially contradict the victim's testimony at trial. ORCP 64 B(4). The next day, September 14, the trial court entered judgment against defendant, sentencing him to seven years and six months of incarceration. On September 30—16 days after the entry of judgment—the trial court issued a letter opinion purporting to grant defendant's motion. However, it was not until November 1—48 days after the entry of judgment—that the trial court entered its written order allowing the motion for new trial. On December 1, the state filed an appeal from the November 1 order. Defendant filed a cross-appeal on December 13.

ORS 138.060(8) expressly provides for state's appeals from orders granting new trials. Nevertheless, such appeals are subject to the time limitations set out in ORS 138.071(2). That statute provides:

"If a motion for new trial or motion in arrest of judgment is served and filed the notice of appeal shall be served and filed within 30 days from *the earlier* of the following dates:

"(a)   The date of entry of the order disposing of the motion; or

"(b)   The date on which the motion is deemed denied, as provided in ORS 136.535." (Emphasis added.)

---

[1] We also deny as moot defendant's alternative motion to treat defendant's notice of cross-appeal as a designation of additional proceedings.

ORS 136.535 provides, in part:

"(3) The motion [for a new trial] shall be heard and determined by the court within 20 days after the time of the entry of the judgment, and if not heard and determined within that time, the motion shall conclusively be considered denied.

"(4) Except as otherwise provided in this section, ORS 19.430 and ORCP 64 A, B and D through G shall apply to and regulate new trials in criminal actions[.]"

In the absence of a written order entered in the register within 20 days of entry of judgment, the motion for a new trial is deemed denied, and a notice of appeal must be filed within 30 days thereafter. *See* ORS 136.535(3); ORS 138.071(2).[2]

■ In this case, notwithstanding the trial court's purported allowance of the new trial motion by way of letter opinion within 20 days of judgment, the written order allowing the motion was not entered within 20 days. Thus, the motion was "deemed denied" as of October 4, ORS 136.535(3) and (4), and the court's subsequent entry of the written order is ineffective. Consequently, the state's appeal on December 1 was not timely in that it was not filed within 30 days of the "deemed denied" date. ORS 138.071(2). We therefore dismiss the state's appeal as untimely.

■ We next address whether the cross-appeal should also be dismissed. The state argues that there is no statutory basis for the cross-appeal. Defendant concedes that dismissal is appropriate. That concession is well taken. Under ORS 138.040, a defendant's ability to cross-appeal is limited to those circumstances in which the state is appealing from an order pursuant to ORS 138.060(3)[3]—*i.e.,* an appeal of "[a]n

---

[2] *See also Applegate v. City of Portland*, 53 Or 552, 555, 99 P 890 (1909) (interpreting "hear and determine" to "refer to a judicial investigation and settlement of an issue of fact"); *State ex rel Schrunk v. Johnson*, 97 Or App 420, 776 P2d 863, *rev den* 308 Or 382 (1989) (rejecting argument that oral ruling could satisfy the requirement of ORCP 64 G and requiring that an order embodying ruling be entered); *Conley and Conley*, 97 Or App 134, 776 P2d 860 (1989) (rejecting the same argument under ORCP 64 F).

[3] ORS 138.040 provides, in part, that "the defendant may * * * cross-appeal when the state appeals pursuant to ORS 138.060(3)."

order made prior to trial suppressing evidence[.]" Here, however, the state's appeal is not taken pursuant to ORS 138.060(*3*); rather it is taken under ORS 138.060(*8*). Accordingly, the statutory precondition for a defendant's cross-appeal is not present in this case, *see* ORS 138.040, and the cross-appeal must be dismissed.

Motions to dismiss granted; appeal dismissed; cross-appeal dismissed.