On respondent's petition for reconsideration filed November 14; on appellant's petition for reconsideration filed December 11, 2000, petitions for reconsideration allowed; opinion (170 Or App 623, 13 P3d 571 (2000)) modified and adhered to as modified March 28, 2001

## STATE OF OREGON,
*Appellant - Cross-Respondent,*

*v.*

## TREVOR RYAN LESLEY,
*Respondent - Cross-Appellant.*

## (99C-41014; CA A108516)

21 P3d 190

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Douglas F. Zier, Assistant Attorney General, for appellant's petition.

Robin A. Jones, Deputy Public Defender, for respondent's petition.

Haselton, Presiding Judge, and Armstrong and Brewer, Judges.

HASELTON, P. J.

Brewer, J., dissenting.

## HASELTON, P. J.

The state, as appellant, and defendant, as respondent, both petition for reconsideration and modification of our dismissal of the state's appeal. *State v. Lesley*, 170 Or App 623, 13 P3d 571 (2000). We allow both petitions in order to amplify our reasoning and adhere to our original opinion as so modified.

In our original opinion, we held that the state's appeal from the trial court's order allowing defendant's motion for new trial was untimely.[1] The material circumstances were as follows: (1) On September 13, 1999, after a jury had found him guilty, defendant moved for a new trial; (2) on September 14, 1999, the judgment of conviction was entered; (3) on September 30, 1999, the trial court issued, but did not enter, a letter opinion stating that it was allowing the new trial motion; (4) on November 1, 1999—48 days after entry of judgment—the trial court entered an order allowing defendant's motion for new trial; and (5) on December 1, 1999, the state appealed from that order. We concluded that the state's appeal was barred because it was not served and filed within the time prescribed in ORS 138.071(2) and ORS 136.535.

ORS 138.071(2) provides:

"If a motion for new trial or motion in arrest of judgment is served and filed the notice of appeal shall be served and filed within 30 days from the earlier of the following dates:

"(a)  The date of entry of the order disposing of the motion; or

"(b)  The date on which the motion is deemed denied, as provided in ORS 136.535."

ORS 136.535, in turn, provides, in part:

"(3)  The motion [for a new trial] shall be heard and determined by the court within 20 days after the time of the entry of the judgment, and if not heard and determined

---

[1] We also dismissed defendant's cross-appeal on the ground that there was no statutory basis for that cross-appeal. 170 Or App at 626-27. The petitions for reconsideration do not take issue with our disposition of the cross-appeal.

within that time, the motion shall conclusively be considered denied.

"(4) Except as otherwise provided in this section, ORS 19.430 and ORCP 64 A, B and D through G shall apply to and regulate new trials in criminal actions[.]"

In this case, the "deemed denied" date was October 4 (20 days after the entry of judgment), and the order allowing the new trial was entered on November 1. Because the state had not filed its appeal "within 30 days from *the earlier of*" of those dates, ORS 138.071(2), we concluded that it was untimely. *State v. Lesley*, 170 Or App at 626.

1.    In petitioning for reconsideration, the state contends that our construction of the statutes is legally erroneous, ignores the realities of criminal practice and procedure, and yields absurd results. Underlying the state's position are three predicates: First, as a matter of basic criminal procedure, the state cannot move for a new trial in a criminal case—only the defendant can do so. Second, the time limitations of ORS 138.071(2) governing appeals of new trial orders, were enacted in *1971*. Or Laws 1971, ch 965, § 21. Third, ORS 138.060(8), which authorize state's appeals of orders granting new trials, was not enacted until *1999*. Or Laws 1999, ch 946, § 2.[2]

Given the convergence of those factors, the state asserts that, as originally enacted, the time limitations of ORS 138.071(2) were intended to apply—and, indeed, could *only* apply—to *defendants'* appeals from *denials* of new trial motions. That is, as enacted, ORS 138.071(2) did not govern the state's appeals from new trial orders because no such appeals were authorized until 1999. The state further contends that, although—or, perhaps, because—ORS 138.071(2) was not amended concurrently with the enactment of ORS 138.060(8) in 1999, the two statutes must be "harmonized." Under that "harmonized" approach, ORS 138.071(2)(b), the

---

[2] ORS 138.060(8) provides:

"The state may take an appeal from the circuit court to the Court of Appeals from:

"* * * * *

"(8) An order granting a new trial[.]"

"deemed denied" provision, would be treated as a *non sequitur* for state's appeals because the state is authorized only to appeal from orders "granting" new trials. ORS 138.060(8).[3] Instead, only ORS 138.071(2)(a)—the "entry of the order disposing of the motion" provision—would govern state's appeals of new trial orders.

We cannot so construe ORS 138.071(2). With respect, the state's proposal—which the dissent endorses—transcends mere "harmonizing" and would require us to rewrite the statute. To reiterate, subsection (2) provides, without qualification or adornment:

"If a motion for new trial or motion in arrest of judgment is served and filed the notice of appeal shall be served and filed within 30 days *from the earlier of* the following dates[.]" (Emphasis added.)

The state's proposed construction would require us not only to "contextually" read subsection (2)(b) out of the statute but also to completely ignore or delete the "from the earlier of" language of subsection (2). Moreover, that "reconstruction" would apply to *state's* appeals only. We would be required, in short, to "insert what has been omitted, or to omit what has been inserted[.]" ORS 174.010. That we cannot do.

In so holding, we fully appreciate the anomalies the state and the dissent have highlighted here. We note, however, that in appropriate circumstances, the state has other remedies. *See State ex rel Schrunk v. Johnson*, 97 Or App 420, 776 P2d 863, *rev den* 308 Or 382 (1989) (addressing availability of mandamus where a trial court entered order granting new trial beyond time limitation prescribed in ORS 136.535). Further, to the extent that the anomalies are the product of a failure to revise ORS 138.071 in light of the enactment of ORS 138.060(8), "[t]he answer, if any, lies in legislative action, not judicial artifice." *Ensign v. Marion County*, 140 Or App 114, 121, 914 P2d 5 (1996) (Haselton, J., concurring).

■ We proceed to defendant's petition to reconsider. That petition does not contest our dismissal of defendant's

---

[3] In all events, the state would never have occasion to appeal from the denial, "deemed" or otherwise, of a defendant's motion for a new trial.

cross-appeal. *See* 173 Or App at 234 n 1. Instead, defendant questions two related aspects of our reasoning (albeit not our result) in dismissing the state's appeal. Both of defendant's objections arise from the following language in the original opinion:

> "In this case, notwithstanding the trial court's purported allowance of the new trial motion by way of letter opinion within 20 days of judgment, the written order allowing the motion was not entered within 20 days. Thus, the motion was 'deemed denied' as of October 4, ORS 136.535(3) and (4), and the court's subsequent entry of the written order is ineffective." 170 Or App at 626.

Defendant first challenges our statement that no written order allowing the motion for new trial was entered within 20 days of the entry of judgment. Defendant contends that that statement was unnecessary to our disposition and was at least arguably erroneous because the trial court's letter opinion, which was *issued* within 20 days of judgment, should be deemed sufficient to satisfy the "heard and determined" requirement of ORS 136.535(3) and (4).

We disagree with defendant. Defendant moved to dismiss, invoking ORS 138.071(2) and ORS 136.535(3). The application of those statutes depends, in part, on whether or when the trial court entered an "order disposing of the [new trial] motion." ORS 138.071(2)(a). The legal significance of the letter opinion was, thus, fairly "in play." Moreover, even assuming, without deciding, that a letter opinion could *ever* be deemed sufficient to satisfy ORS 136.535(3) and ORS 138.071(2), the letter opinion in this case was entered on October 5, 1999, *21* days after the entry of judgment and, thus, was entered after the "deemed denied" date. Our consideration and treatment of the letter opinion was correct. *See State ex rel Schrunk v. Johnson*, 97 Or at 423 (written order allowing new trial must be *entered* within time prescribed for allowance for new trial motion). *Cf.* ORS 3.070 (in general, written order, unless executed in open court, not effective until entered).

Defendant's second objection has merit. Defendant asserts that our characterization of the November 1, 1999, order allowing a new trial as "ineffective" is improper *dictum*

on the legal merits of that order. We agree. The effectiveness of the November 1 order is not material to our jurisdictional analysis and, given our conclusion that we lack jurisdiction, was, and is, beyond our competence. Consequently, we disavow and delete from our original opinion the phrase "and the court's subsequent entry of the written order is ineffective," 170 Or App at 626, and, with that deletion, adhere to our original opinion.

Petitions for reconsideration allowed; opinion modified and adhered to as modified.

**BREWER, J.,** dissenting.

The majority opinion stands for this proposition: Under ORS 138.071(2), when a trial court enters an order granting a motion for a new trial *after* the date the motion has been deemed denied under ORS 136.535(3), a party appealing from the order must file a notice of appeal within 30 days of the date the motion was *deemed denied*. In effect, the majority holds that the time for filing a notice of appeal began to run in this case before the appealable event itself occurred. We must strive to avoid such an illogical result unless the relevant statutes admit of no other reasonable interpretation. The majority suggests that there is no such interpretation of ORS 138.071; I disagree.

The state has a right to appeal from an order granting a new trial. ORS 138.060(8).[1] In rejecting the state's right to appeal in this case, the majority is led astray, perhaps understandably, because ORS 138.071(2) purports to establish the time period in which a notice of appeal may be filed without identifying the decision being appealed.

ORS 138.071(2) provides:

"If a motion for new trial or motion in arrest of judgment is served and filed the notice of appeal shall be served and filed within 30 days from the earlier of the following dates:

---

[1] ORS 138.060 provides, in part:

"The state may take an appeal from the circuit court to the Court of Appeals from:

"* * * * *

"(8) An order granting a new trial[.]"

"(a)   The date of entry of the order disposing of the motion; or

"(b)   The date on which the motion is deemed denied, as provided in ORS 136.535."

Subsection (2) is structured unusually in that it begins with a predicate, "[i]f a motion for new trial or motion in arrest of judgment is served and filed," and ends with provisions about *when* the notice of appeal must be filed, without ever identifying the decision being appealed. This is in marked contrast to subsection (1) of the same statute, which provides that "[e]xcept as provided in subsections (2), (3) and (4) of this section, the notice of appeal shall be served and filed not later than 30 days after the judgment or order appealed from was entered in the register." Subsection (1) makes clear that entry of the decision being appealed in the court register is the event that triggers the running of the 30-day appeal period. Unfortunately, ORS 138.071(2) is silent as to the decision being appealed, thereby creating confusion about the event or events that trigger the commencement of the appeal period under that subsection.

To determine the event or events that trigger the appeal period in subsection (2), we must consider ORS 138.040 and ORS 138.060, because those statutes define the kinds of decisions that a defendant and the state, respectively, may appeal from in a criminal case. Under ORS 138.040, a defendant may seek review from an order *denying* a motion for a new trial based on newly discovered evidence or juror misconduct, but the defendant may do so only by appealing from the judgment. *State v. Sullens*, 314 Or 436, 443, 839 P2d 708 (1992). By contrast, under ORS 138.060(5), the state may appeal from the judgment under some circumstances, but, more important here, under ORS 138.060(8) the state may appeal directly from the trial court's disposition of a motion for new trial if it is granted.

Because the decision that can be appealed following the filing of a motion for a new trial depends on which party wants to appeal, ORS 138.071(2) cannot be read without reference to *who* is appealing *what* decision. When the defendant appeals, the event that triggers the commencement of the appeal period is the *denial* of the defendant's motion for

new trial—either by order entered in the register or by operation of law as provided in ORS 136.535,[2] and both paragraphs (a) and (b) of ORS 183.071(2) must be consulted to determine when the appeal period is triggered. However, implicit in subsection (2) is that paragraph (b) is not applicable to an order entered in the register purporting to grant a motion for new trial, because, by definition, an *order granting* a motion for new trial cannot be *deemed* to *deny* a motion for a new trial. Only paragraph (a) logically applies to an order granting a motion for a new trial.

When the state appeals from an order granting a new trial, ORS 138.071(2) must be read together with ORS 138.060(8). *See Fairbanks v. Bureau of Labor and Industries*, 323 Or 88, 94, 913 P2d 703 (1996) (holding that courts must construe related statutes together to give appropriate effect to each and thus carry out the full intent of the legislature). Reading those statutes together leads to the conclusion that the state may appeal from an order granting a new trial within 30 days of the date of entry of the order granting the motion for new trial, without reference to when the *defendant* may appeal from the *judgment* following the denial of a motion for new trial. ORS 138.071(2)(a) prescribes the period within which the state may file its notice of appeal. In this case, the state filed its notice of appeal within the prescribed period.

The majority believes that my interpretation eliminates the phrase "from the earlier of" from the preface of ORS 138.071(2). Not so. That comes into play only if both paragraphs (a) and (b) are applicable. The phrase, like paragraph (b), simply is not applicable when the state appeals from an order granting a motion for new trial. It is no surprise that sometimes less than all provisions of a statute apply to a given circumstance. When that occurs, a court so construing the statute does not violate any canon of statutory construction, whether legislative or judge-made. That is the situation here.

---

[2] I agree with the majority that the trial judge's letter opinion stating that he would grant defendant's motion for new trial did not "determine" the motion within the meaning of ORS 136.535(3), because such a determination must be in the form of an order entered in the trial court register.

The majority suggests that the state may have an adequate remedy to challenge the improper grant of defendant's motion for new trial, namely, a petition for a writ of mandamus addressed to the Supreme Court under Article VII (Amended), section 2, of the Oregon Constitution, and ORS 34.120(2).[3] However, Article VII (Amended), section 2, provides that the Supreme Court's original mandamus jurisdiction is discretionary. The Supreme Court would have no obligation to issue a writ of mandamus in this case, even if the court believed that the trial court erroneously had granted the motion for new trial. I take judicial notice of the fact that, during the year 2000, of the 70 petitions for writs of mandamus filed in the Supreme Court, not a single one was allowed. The court's restraint may reflect its belief that mandamus is truly an extraordinary remedy that is not intended merely to correct lower court errors. There is no reason to presume that the Supreme Court would grant mandamus relief to correct an error such as the one committed by the trial court here.

ORS 138.060(8) confers on the state a right to appeal from an order granting a new trial. ORS 138.071(2)(a) requires the state to file its notice of appeal within 30 days of the date of entry of the order. The state did so in this case. Therefore, the state's petition for reconsideration should be granted, the court's prior opinion should be vacated, and the state's appeal should be reinstated.[4]

I respectfully dissent.

---

[3] Article VII (Amended), section 2, of the Oregon Constitution, provides:

"The courts, jurisdiction, and judicial system of Oregon, except so far as expressly changed by this amendment, shall remain as at present constituted until otherwise provided by law. But the supreme court may, in its own discretion, take original jurisdiction in mandamus , quo warranto and habeas corpus proceedings."

[4] If the court were to dispose of the state's petition in that manner, defendant's motion for reconsideration would become moot and should be denied on that ground.