Argued and submitted November 16, 2001, vacated in part; remanded with instructions; otherwise affirmed January 8, 2003

Randall L. RYERSE
and Diane K. Ryerse,
*Plaintiffs,*

*v.*

George A. HADDOCK
and Robert Keech Associates, Inc.,
an Oregon corporation,
*Defendants.*

George A. HADDOCK
and Catharine M. Luchini-Haddock,
aka Catharine Haddock,
*Respondents,*

*v.*

Randal Lorin RYERSE,
*Appellant.*

CV98-04-401 and CCV 98-02-480; A107447

60 P3d 1107

Lisa E. Lear argued the cause for appellant. With her on the briefs were Peter J. Viteznik and Bullivant Houser Bailey PC.

Dean Heiling argued the cause for respondents. With him on the briefs was Dean Heiling & Associates.

Before Edmonds, Presiding Judge, and Kistler and Schuman,* Judges.

SCHUMAN, J.

---

* Schuman, J., *vice* Armstrong, J.

## SCHUMAN, J.

After the jury in this personal injury case returned a verdict in favor of Ryerse,[1] the Haddocks moved for a new trial, arguing that the court erred in two respects: first, by permitting the jury to retire with an exhibit containing enlarged excerpts of deposition testimony, and second, by giving the jury the so-called "emergency" instruction. Before the time that the motion would have been deemed denied by operation of law, the court filed an order setting aside the judgment and allowing the Haddocks' motion. However, that order was not entered into the trial court register until after the time limit had expired. On appeal, ORS 19.205(2)(d), Ryerse contends that the Haddocks' motion for a new trial was not "determined" by the trial court until it was entered into the court register, and by that time it had been conclusively deemed denied by operation of law; the trial court's order granting a new trial, Ryerse argues, was therefore ineffective. We agree. We therefore vacate the court's order allowing the motion for a new trial and remand with instructions to reinstate the judgment in favor of Ryerse.

Because Ryerse prevailed at trial, we state the facts in the light most favorable to him, drawing all reasonable inferences in his favor. *Northwest Natural Gas Co. v. Chase Gardens, Inc.*, 328 Or 487, 490-91, 982 P2d 1117 (1999). Ryerse was driving behind another car on a two-lane road approaching an intersection. The cross-street had stop signs and the street Ryerse was on did not. Ryerse decided to pass the car in front of him. He moved into the oncoming lane and accelerated past the car. As he returned to his own lane, he saw a sport utility vehicle (SUV) stopped at the stop sign on the cross-street at the intersection. The driver of the SUV on the cross-street, Haddock, was looking to the right as Ryerse approached from his left. Ryerse expected Haddock to look left and remain stopped at the stop sign. However, Haddock

---

[1] Ryerse and Haddock sued each other. The cases were consolidated below, but only Haddock's action against Ryerse is on appeal. Because each party was both a plaintiff and a defendant below, we refer to them by surname in order to avoid confusion. Further, each party's wife joined as a plaintiff. "Haddock" refers to George A. Haddock, the driver of one car, and "the Haddocks" refers to him and his wife.

did not look left until after he had pulled into the intersection, when he turned his head and saw Ryerse's truck coming toward him, then hit his brakes and stopped in the intersection. Ryerse veered to the left and also hit his brakes, but he could not avoid colliding with Haddock's SUV in the intersection. Both drivers were injured.

The Haddocks sued Ryerse. Ryerse asserted a counterclaim for damages from the accident. He and his wife also filed a separate suit against Haddock and Haddock's employer, Robert Keech and Associates. The cases were consolidated for trial and, by stipulation, bifurcated for separate determinations of liability and damages.[2] During the trial on the liability issue, Ryerse's exhibits included enlarged excerpts of text from admissions made by Haddock during a deposition. At the end of the trial, the court allowed the jury to take those exhibits with them into the jury room. Using a special verdict form, the jury found that Haddock was negligent and Ryerse was not. The judgment in favor of Ryerse on the issue of liability was entered on June 3, 1999. The Haddocks timely filed a motion for new trial, arguing that the court erred in allowing the jurors to take depositions with them when they retired to deliberate and in giving the following "emergency" instruction:

> "People who are suddenly placed in a position of peril through no negligence of their own and who are compelled to act without opportunity for reflection are not negligent if they make such a choice as a reasonably careful person placed in such a position would make even though they do not make the wisest choice."

---

[2] The trial court entered a single judgment that disposed of issues in both consolidated cases. It first dismissed *Haddock v. Ryerse* in its entirety. In *Ryerse v. Haddock*, it granted judgment in favor of Ryerse on liability. The judgment also contained the findings that ORCP 67 B requires for it to be final. After the court granted the motion for a new trial in each case, Ryerse (in *Haddock v. Ryerse*) and the Ryerses in (*Ryerse v. Haddock*) filed notices of appeal. They then moved in this court for a summary determination of appealability. *See* ORS 19.235(3). We ruled that the judgment was final as to *Haddock v. Ryerse* because it completely disposed of plaintiff's claim in that case but that it was not final as to *Ryerse v. Haddock* because it resolved only the liability issue, not an entire claim. *See McKechnie v. Stanke*, 124 Or App 405, 862 P2d 507 (1993) (judgment is not final under ORCP 67 B unless it resolves entire claim). Because the judgment in *Ryerse v. Haddock* was not final, any order granting a new trial would not be appealable under ORS 19.205(2)(d). We therefore dismissed the appeal in *Ryerse v. Haddock*. As a result, the only issues before us involve the Haddocks' claim against Ryerse.

The court agreed with the Haddocks' argument regarding the depositions, did not discuss the jury instruction, and issued an order granting a new trial.

Ryerse assigns error to the grant of a new trial. He apparently concedes that the court erred in permitting the jury to retire with the deposition exhibits; ORCP 59 C(1) expressly provides that, "[u]pon retiring for deliberation the jury may take with them all exhibits received in evidence, except depositions." Instead, he argues that the Haddocks' motion for a new trial was deemed conclusively denied before the time that the court purported to grant it; that, in the alternative, the Haddocks did not adequately raise and preserve their objection to the court's decision to let the jury retire with the deposition exhibits; and that, in any event, the error of permitting the jury to retire with the depositions was harmless because the exhibits contained only statements that the jury had heard many times during trial. Because we agree that the Haddocks' motion was conclusively deemed to have been denied at the time the court purported to grant it, we do not reach Ryerse's alternative arguments.

The crux of this dispute is the meaning of the term "determined" in ORCP 64 F. That rule provides, in part:

> "[A] motion [for a new trial] shall be heard and *determined* by the court within 55 days from the time of the entry of the judgment, and not thereafter, and if not so heard and *determined* within said time, the motion shall conclusively be deemed denied."

(Emphasis added.) In this case, the trial court's order granting the motion was *signed and filed* before the 55th day but not *entered* until the 60th day. The Haddocks contend that a motion may be "determined" by filing an order; their motion was therefore properly determined in their favor before the lapse of 55 days. Ryerse, on the other hand, contends that a motion is not "determined" until the order is entered; therefore, on the 56th day, because the order had been filed but still had not been entered, the motion had not been determined; at that point it was conclusively deemed denied, thereby rendering ineffective the subsequent attempt to grant it.

Two cases from this court dictate an outcome in favor of Ryerse. In *Conley and Conley*, 97 Or App 134, 776 P2d 860 (1989), the trial court entered a dissolution judgment on September 28, 1988. The wife timely filed a motion for a new trial within the 10 days allowed by ORCP 64 F. The trial court orally denied her motion from the bench on November 8, 1988, fewer than 55 days after entry of judgment. The 55-day period lapsed on November 23. The order denying the wife's motion was finally entered in the trial court register on December 12, 1988, well after the 55-day period had expired. The wife then filed a notice of appeal on January 12, 1989. The husband contended that her notice was too late; the law required her to file the notice within 30 days after her motion was determined, and it had been determined by operation of law on November 23. The wife responded that the motion was not determined until December 12, so that her notice of appeal was timely. This court agreed with the husband, holding that

> "a motion for a new trial under ORCP 64 F is determined upon entry in the trial court register of a written order disposing of the motion. In the absence of a written order entered in the register within 55 days of entry of judgment, a motion for a new trial is deemed denied * * *."

*Conley*, 97 Or App at 137.

Further, in *State v. Lesley*, 170 Or App 623, 13 P3d 571 (2000), *modified on recons*, 173 Or App 232, 21 P3d 190 (2001), this court recently construed the rule of criminal procedure that is analogous to ORCP 64 F. That statute provides that a motion for a new trial "shall be heard and determined by the court within 20 days after the time of the entry of the judgment, and if not heard and determined within that time, the motion shall conclusively be considered denied." ORS 136.535(3). In *Lesley*, the defendant was convicted by a jury and timely filed a motion for a new trial. Sixteen days after entry of the judgment, the trial court issued a letter opinion that purported to allow the motion and grant a new trial. The order allowing the motion was not entered, however, until 48 days after entry of the judgment. The state filed a notice of appeal 30 days after that entry of judgment. We dismissed

the state's appeal as untimely, because it was not filed within 30 days of the date that the motion was deemed denied under ORS 136.535(3). In our opinion on reconsideration, we treated the letter opinion as an order but held that, even as such, it did not "determine" the motion for a new trial. "Determination" did not occur until the letter opinion was *entered* 21 days after the entry of judgment, by which time the motion was conclusively deemed denied. The letter opinion was therefore ineffective. *Lesley,* 173 Or App at 237.

The Haddocks urge us to revisit those holdings. We decline to do so. ORCP 64 F, as *Conley* and *Lesley* illustrate, works in tandem with ORS 19.255, which sets out the time limit for serving and filing a notice of appeal. That statute starts the running of the time limit on the date the judgment appealed from "is entered in the register." ORS 19.255(1), (2). Confusion and uncertainty would result if a motion for a new trial could be deemed "determined" for purposes of avoiding denial by operation of law by filing an order or judgment but also deemed "determined" for purposes of starting the time limits for appeal by a different event, such as entry of the order or judgment. The legislature has chosen entry in the register as the triggering event for both purposes. *See also Ernst v. Logan Oldsmobile Co.,* 208 Or 449, 451, 302 P2d 220 (1956) (predecessor to ORCP 64 F contemplates a final appealable order). That choice is not arbitrary. Entering an order or judgment in the court register, unlike merely filing it with the clerk, provides notice to interested parties and is by definition a matter of record. We therefore conclude that the Haddocks' motion for a new trial was conclusively deemed denied by operation of ORCP 64 F before the time that the trial court's order granting the motion was determined and that the trial court's order, for that reason, was ineffective.

In their respondents' brief, the Haddocks cross-assign error to the trial court's decision to give the emergency instruction to the jury. Regardless of whether a cross-assignment was procedurally proper (as opposed to a cross-appeal or right for the wrong reason argument), *see* ORAP 5.57, we need not discuss it. The "cross-assignment" repeats one of the arguments the Haddocks made in support of their motion for

a new trial. Because that motion was deemed denied by operation of law 55 days after the judgment, there can be no alternative ground for affirming it.[3]

Order allowing new trial vacated; remanded with instructions to reinstate judgment on verdict; otherwise affirmed.

---

[3] The Haddocks objected to the jury instruction at trial and again in their motion for a new trial. The better reading of their brief is that it assigns error only to the trial court's denial of their motion for a new trial. However, even if we were to treat their brief as assigning error to the trial court's ruling, and even presuming that a cross-assignment were the proper method of raising that objection, we would not reach a different outcome. Despite some critical comments about the emergency instruction, the Supreme Court has never overruled its decisions permitting it where, as here, it would be appropriate in light of the evidence presented at trial. *Lane v. Brown*, 328 Or 42, 48, 970 P2d 206 (1998); *Weitzel v. Wingard*, 274 Or 185, 193, 546 P2d 121 (1976).