On motion to dismiss appeal. Appeal dismissed November 3, 1925.

## PAUL FRANK *v.* JOHN MATTHIESEN.

(240 Pac. 551.)

**New Trial—Granting Motion for New Trial Suspends Judgment During Pendency of Appeal from Order Granting New Trial.**

1. Granting of a motion for new trial suspends judgment during pendency of appeal from the order granting new trial.

**Appeal and Error—Appeal from Original Judgment, not Taken Until Five Days After Entry of Judgment Reversing Order of Trial Court Granting New Trial, Held not Within Time.**

2. An appeal from original judgment, not taken until five days after entry of judgment reversing order granting a new trial, will be dismissed as not within time required by law, where fifty-eight days had elapsed between entry of original judgment and order granting new trial, in view that original judgment was suspended only during pendency of appeal from order granting the new trial.

Appeal and Error—Act of Party in Relying on Motion for New Trial Instead of Appeal Constitutes an Election.

3. When a party sees fit to rely on a motion for new trial instead of an appeal, it constitutes an election, and that, having exhausted his remedy by the motion in which he was successful for the time being, he should not be allowed to again litigate his case on appeal by thereafter taking an appeal from the original judgment.

From Multnomah: GEORGE ROSSMAN, Judge.

In Banc.

This is a motion to dismiss an appeal. The history of the case is as follows:

The original judgment against the defendant in this case was entered May 22, 1922. On May 31st, the defendant filed a motion for a new trial, which, apparently, was continued from time to time until July 18, 1922, when the court ordered that the judgment be set aside and a new trial granted. The motion for a new trial was based upon the following grounds:

"1. That one of the jurors who sat on the trial of said case made an unauthorized view of the premises in question, as shown by the affidavit of the defendant which is hereto annexed, marked Exhibit 'A' and made a part of this motion.

"2. That the court erred in not granting the defendant's motion requiring the plaintiff to elect as to whether he will proceed to try said action under the statutes of Oregon, or under the ordinance of the city of Portland, Oregon.

"3. The court erred in instructing the jury that the burden of proof shifted from the plaintiff to the defendant, after plaintiff had sustained the burden of proof on the material allegations made in his complaint.

"4. That the verdict is the result of passion and prejudice on the part of the jury and not an honest and conscientious consideration and deliberation.

"5. That the amount of the verdict is clearly excessive and unreasonable for the injury sustained.

"6. The court erred in not sustaining defendant's motion for nonsuit. That as a matter of law, the plaintiff was guilty of contributory negligence.

"7. That the verdict is irregular and unintelligent and it is impossible to determine just what the verdict of the jury is."

The motion is granted upon the first ground, namely,—that one of the jurors made an unauthorized view of the premises involved in the controversy.

Plaintiff immediately filed a motion to vacate this order, which being denied, he filed a notice of appeal on the fifteenth day of September, 1922, appealing from the order of the court granting a new trial. The case was decided upon this appeal June 16, 1925 (115 Or. 349 [236 Pac. 754]), and by the mandate, it was held that the new trial was improperly granted, and an order was entered remanding the case to the Circuit Court with directions to re-enter the judgment theretofore set aside and enter judgment for the costs of the appeal. This mandate was entered and judgment given accordingly on July 23, 1925. From this entry, the defendants again filed notice of appeal, which was served July 28, 1925. Plaintiff moves to dismiss this appeal.

                                    APPEAL DISMISSED.


For the motion, *Mr. Harry G. Hoy.*

*Contra, Mr. L. E. Schmitt* and *Mr. J. P. Kavanaugh.*

McBRIDE, C. J.—1. This has been a very interesting matter and its decision has not been devoid of difficulty. Most of it arises from the unique statutes

in force in Oregon and a few of the other states, which require a judgment to be first entered on the verdict and thereafter permit a motion for a new trial. The logical order of these proceedings, prior to this innovation, has usually been first, the trial, second, the verdict, and third, the motion for a new trial, and, on the disposition of that if denied, a judgment upon the verdict. But, for some reason, not clearly apparent, the legislatures in a few of the states have seen fit to reverse this order, so that the motion for a new trial succeeds instead of precedes the judgment on the verdict, thus rendering much of the learning on the subject of new trials prior to such change useless in cases like the present one. A few courts, which have a statute similar to ours apparently hold that the granting of a motion for a new trial vacates or sets aside the judgment. Perhaps it would be in the interest of accuracy if we should state that it suspends the judgment during the pendency of the appeal from the order granting the new trial.

As is clearly shown in *Pierce* v. *Birkholm,* 110 Cal. 669, 670 (43 Pac. 205), a correct statement of the condition of the case, when an appeal is taken from an order granting a new trial, is that the operation of the judgment is suspended until the final determination of the appeal from the order by the Supreme Court. We quote from the case mentioned as follows:

"We are asked by the defendants to dismiss the appeal from the judgment, upon the ground, as contended, that the effect of the order granting defendants a new trial was to vacate and set aside the judgment, and that, consequently, when the appeal from the latter was taken, it had ceased to have any existence, and there was no judgment to

116 Or.—7

appeal from. This view cannot, in our judgment, be sustained for obvious reasons. The operation of an order granting a new trial is, unquestionably, expressing it in general terms, to vacate the judgment—that is, it sets aside the findings upon which the judgment rests, and the latter necessarily falls. But this implies a valid and subsisting order, remaining in full force and effect. Here the order has been appealed from, and that appeal was pending, and undisposed of at the date of the appeal from the judgment. The effect of the appeal from such order was to suspend the operation of the latter, and render it ineffectual until the determination of such appeal, either by a dismissal thereof or by an affirmation of the order. Pending such appeal the judgment remained subsisting, and, for the purposes of an appeal therefrom, stood as if no order for a new trial had ever been made.

"The position of defendants, in effect, is that an order granting a new trial becomes effectual immediately upon its entry, and that the judgment is thereby and at once absolutely wiped out of existence; that the effect of an appeal from such order is not to resurrect or restore the judgment for any purpose, whatever deterrent effect it may exert upon the operation of the order in other respects. Manifestly, this position cannot be maintained. If such was the effect intended for the order, it was idle for the legislature to provide an appeal therefrom, since whatever the result of such appeal the judgment would be gone, and there would be no method of reviving it except as a result of another trial; being absolutely dead, it could not be otherwise restored to existence. Furthermore, if such were its effect, it would logically follow that the trial court could proceed, notwithstanding the pendency of an appeal therefrom, and try the case anew; but this, it has been held from a very early day in this state, cannot be done. (*Ford* v. *Thompson,* 19 Cal. 119.) But such is not the effect of the order. While its ultimate effect, if unappealed from, or if sus-

tained upon the appeal where one is taken, is to vacate the judgment and require another trial of the action, such result does not follow until the finality of the order is determined in one or the other modes suggested. In this respect it is not distinguishable from any other order or the judgment from which an appeal is given. Pending an appeal therefrom, it is suspended and set at large, and the rights of the parties stand unaffected thereby, excepting in so far as their prosecution may be stayed by virtue of the provisions of the statute. That the effect of the order is not to destroy the judgment *ipso facto* upon its entry is made clear when we regard the effect of a reversal of the order on appeal. In such case the law does not provide for entering a new judgment in the court below upon the going down of the *remittitur,* as would be required had the judgment wholly ceased to exist, but the judgment as originally entered in that court stands as the judgment in the action, and has effect from the date of such original entry. 'The reversal of an order denying a new trial reverses the judgment, but the reversal of an order granting a new trial leaves the verdict and judgment standing.' (Hayne on New Trial and Appeal, § 299. And see, also, *Brooks* v. *San Francisco etc. Ry. Co.* (Cal., Nov. 26, 1895), *ante,* p. [110 Cal.] 173.' (42 Pac. 570)."

It will be noticed that the court goes further than the exigencies of this case would seem to require, although probably the whole is good law, by holding that the appeal from an order granting a new trial in effect restores the original judgment and keeps it in force. But, without considering that matter, it seems clear that the effect of the order granting a new trial could only be to suspend the operation of the judgment until the matter was finally passed upon by the Supreme Court, and, if in that case the judgment of the lower court was set aside, it

had the effect at once to reinstate the original judgment.

2. It would seem an unfair construction of the law to hold that a defendant could wait until the fifty-ninth day of the sixty days allowed from an appeal from the original judgment and at that date, by taking an erroneous order setting the judgment aside, could upon his order granting a new trial being set aside by the Supreme Court, have the full time of sixty days within which to appeal. The fair view is this, and we wish to state is as clearly as possible: The filing by the defendant of the motion for a new trial did not of itself suspend the judgment. The plaintiff was entitled to execution from the date of the judgment until the motion for a new trial was granted. Upon his appeal, the operation of the original judgment was suspended and when the order granting the motion for a new trial was reversed, it had the effect *propria vigore* of reinstating the original judgment and defendant had only the time which was left between the granting of the motion in the court below and the sixty days required by law within which to appeal, if indeed, there was any right of appeal left. In this case fifty-eight days had elapsed between the entry of the original judgment and the order granting a new trial. He had two days at the furthest after such entry in which to appeal from the original judgment, but an appeal was not taken for five days, so, it was not within the time required by law.

3. If the view of the California court, quoted above, should be adopted, which goes to the extent of holding that an appeal from the order granting a new trial of itself prevented the vacation of the judgment, the defendant would be still more behind

time, but we have not thought it necessary to consider this contingency. There is plausible ground, we think, in this state for holding that when a party sees fit to rely upon a motion for a new trial instead of an appeal, it constitutes an election and that having exhausted his remedy by the motion in which he was successful for the time being, he should not be allowed to again litigate his case on appeal by thereafter taking an appeal from the original judgment. The motion was granted upon the first ground mentioned in defendant's application for a new trial, but the other grounds seem ample to cover any error that could possibly have been committed during the course of the trial on every possible question that could be litigated upon a second appeal. This court is not disposed to construe the law in a doubtful case so as to encourage rehearings of the same case by different methods and thus prolong litigation. And, while we do not find it necessary to decide this question, it may be well for parties to realize that securing an order for a new trial upon questionable grounds is a proceeding accompanied with some risk.

The motion to dismiss is allowed.

MOTION ALLOWED.