Argued and submitted March 2, affirmed May 19, 1981

# WILSON et ux,
*Petitioners,*

*v.*

# MATTHEWS et al,
*Respondents.*

(CA 14463,   SC 27416)

628 P2d 393

Stanton F. Long, Eugene, argued the cause for petitioners. With him on the briefs were Timothy J. Sercombe, and Johnson, Harrang, Swanson & Long, Eugene.

Gerald R. Pullen, Portland, argued the cause and filed briefs for respondents.

Before Denecke, Chief Justice, and Lent, Linde, Peterson, Tanzer and Campbell, Justices.

CAMPBELL, J.

CAMPBELL, J.

The plaintiffs leased to the defendants real property used as an automobile sales dealership in Sutherlin, Douglas County, Oregon. The lease provided the defendants should pay the real property taxes. The plaintiffs filed a forcible entry and detainer (FED) action in the Circuit Court of Douglas County seeking possession of the property. The complaint alleged that the defendants had failed to pay the real property taxes. The defendants' second amended answer denied the breach of lease; pleaded defenses of waiver, estoppel and forfeiture; and, by way of a counterclaim for specific performance, alleged that the defendants had exercised an option provision of the lease to purchase the property.

The parties stipulated that the law side of the case could be heard by the court without a jury. After a trial on the merits, the circuit court dismissed with prejudice both the plaintiffs' complaint and the defendants' counterclaim.

Both parties appealed. The Court of Appeals affirmed the circuit court's dismissal of the defendants' counterclaim for specific performance. The Court of Appeals refused to reach the merits of the plaintiffs' FED complaint, and on its own motion held that "the trial court was without subject matter jurisdiction to hear the FED action. District courts have exclusive jurisdiction to hear FED actions. ORS 46.060(1)(e)." Thus the Court of Appeals affirmed the result reached by the trial court.

The plaintiffs have filed a petition in this court seeking review of the Court of Appeals' decision on the jurisdictional question. We affirm the Court of Appeals.[1]

## I. SUBJECT MATTER JURISDICTION IN FED ACTIONS

We allowed review to resolve an apparent conflict between statutes governing jurisdiction in FED actions

---

[1] The defendants have not sought review of the Court of Appeals' opinion affirming the trial court's dismissal of their counterclaim for specific performance. The defendants did not object to the circuit court's jurisdiction at trial or on appeal. They have filed in this court a letter supporting the plaintiffs' position that the circuit court had subject matter jurisdiction to hear the FED complaint. The Court of Appeals, citing *City of Hermiston v. ERB,* 280 Or 291, 570 P2d 663 (1977), correctly held that the parties cannot stipulate to subject matter jurisdiction.

involving commercial property. ORS 105.110, which creates the statutory remedy for forcible entry or detainer of property in persons entitled to possession, specifically provides for jurisdiction in such FED action as follows:

"When a forcible entry is made upon any premises, or when an entry is made in a peaceable manner and possession is held by force, the person entitled to the premises *may maintain in the county where the property is situated an action to recover the possession thereof in the circuit court, district court or before any justice of the peace of the county.*" (Emphasis supplied.)

ORS 46.060, as amended in 1975, sets out the general civil jurisdiction of the district court as follows:

"(1) · Except as provided in subsection (2) of this section, the district courts shall have *exclusive jurisdiction* in the following cases:

" * * * * *.

"(e)    To hear and determine actions of forcible entry and detainer;

" * * * * *.

"(2)    The jurisdiction granted the district court in subsection (1) of this section does not affect the jurisdiction of any justice court and in a county with no district court, the circuit court has jurisdiction to hear all matters otherwise assigned to the district courts."

An earlier version of ORS 105.110 had originally placed exclusive jurisdiction in FED actions in the justice of the peace courts. *See Thompson v. Wolf,* 6 Or 308 (1877). A later enactment (LOL § 7568) amended this earlier version to extend concurrent jurisdiction in FED actions to justice of the peace and circuit courts. *See Friedenthal v. Thompson,* 146 Or 640, 31 P2d 643 (1934); *Zelig v. Blue Point Oyster Co.,* 54 Or 543, 104 P 193 (1909). An early enactment of ORS 46.060 (OCLA § 13-302) then extended "non-exclusive" jurisdiction in FED actions to include district courts also. Subsequently, ORS 105.110 was enacted in its present version extending concurrent jurisdiction in FED actions to district courts, in addition to justice of the peace and circuit courts. The prior legislative history of ORS 105.110 thus indicates a legislative intent that justice, district and circuit courts exercise concurrent jurisdiction in FED actions. In counties where more than one of these courts had been established, the initial choice of forum in FED cases rested with the plaintiff.

A 1975 amendment to ORS 46.060 changed the former "non-exclusive" jurisdiction of the district courts in FED actions to "exclusive" jurisdiction. (Or Laws 1975, ch 611, § 18). The legislature has not, however, expressly amended or repealed ORS 105.110 in light of the 1975 amendment to ORS 46.060. The legislative history[2] concerning that amendment contains no specific discussion concerning any intended effect upon ORS 105.110. An apparent conflict thus exists between the grant of concurrent jurisdiction in ORS 105.110 and the grant of exclusive jurisdiction in ORS 46.060(1)(e).

■ We generally do not assume that a statute is intended to repeal or amend another by implication. *Thompson v. IDS Life Ins. Co.*, 274 Or 649, 549 P2d 510 (1976). Although we generally attempt to construe apparently inconsistent statutes so as to continue both completely in effect, we are unable to harmonize the conflict between ORS 105.110 and ORS 46.060(1)(e). We therefore conclude that the later 1975 grant of exclusive jurisdiction in FED actions to the district court under ORS 46.060(1)(e) modifies by implication the earlier grant of concurrent jurisdiction contained in ORS 105.110. Subsection (2) of ORS 46.060, also added as part of the 1975 amendments, explains the extent of this modification. This provision suggests that circuit courts no longer have jurisdiction over FED actions in those counties in which a district court has been established, but retain such jurisdiction in counties without a district court.

■ ORS 46.025(1)(a) established a district court in Douglas County where the present action was filed. This court, rather than the Douglas County Circuit Court, had exclusive jurisdiction in FED actions filed in the county. The plaintiffs therefore should have initially filed their action in the district court.

---

[2] The Oregon Legislature by the same chapter (Or Laws 1975, ch 611) gave district courts exclusive jurisdiction in FED actions and converted district courts to courts of record with a right of direct appeal on the record to the Court of Appeals. From this it could be argued that the legislature was trying to create greater efficiency in the Oregon court system by balancing the case load between the circuit and district courts and by eliminating one step in the appeal process. Prior to the enactment of Or Laws 1975, ch 611, a plaintiff, by paying the additional filing fee, could file an FED action in the circuit court. As part of the prior system an appeal from an FED action in the district court was de novo to the circuit court and not to the Court of Appeals.

## II. EFFECT OF TRANSFER PROVISIONS

The plaintiffs contend, however, that their failure to file the FED action initially in district court should be regarded as a procedural, rather than jurisdictional, defect due to the mandatory transfer provisions in ORS 46.070 and ORS 46.075. ORS 46.070 states, in part:

"In all actions instituted in a district court a defendant shall have the right to plead a counterclaim in excess of the jurisdiction of the court. *If a defendant has pleaded a counterclaim in excess of the jurisdiction of the district court, the court shall strike the counterclaim and proceed to try the cause as though it had never been filed, unless the defendant files with his counterclaim a motion requesting the cause to be transferred to the circuit court accompanied by the tender of the costs of such transfer. * * *."* (Emphasis supplied.)

ORS 46.075 requires the district court to order the entire case transferred to circuit court if such a counterclaim has been filed and a motion for transfer made by the defendant. After the district court has ordered a transfer under ORS 46.060 and the district court transcript has been filed in circuit court, ORS 46.075 provides that: "The case shall be considered transferred to the circuit court, *which shall then have jurisdiction to try and determine the cause.*" (Emphasis supplied.)

Plaintiffs point out that even if their FED complaint should have been filed initially in district court, transfer of the FED action to circuit court would have been mandatory under the above provisions upon motion of the defendants, because the defendants' counterclaim exceeded the jurisdiction of the district court. *See* ORS 46.060(4). Plaintiffs reason that if the entire case was of a type eligible for transfer under ORS 46.070, then the circuit court had "jurisdiction" to hear plaintiffs' FED claim as part of that case. Under plaintiffs' proposed analysis, failure to file initially in the district court in such cases should be regarded as a procedural rather than a jurisdictional defect, waived by the defendants' acquiescence in the failure to follow proper procedures and not properly cognizable by the court on its own motion.

■ Assuming the present case would have been eligible for transfer to circuit court upon defendants' motion,

we find that the circuit court nevertheless lacked jurisdiction to hear plaintiffs' FED action in the first instance. The trial court's jurisdiction is determined from the plaintiff's complaint, which must on its face invoke the jurisdictional power of the court in which it is filed. *See State ex rel Sweere v. Crookham,* 289 Or 3, 609 P2d 361 (1980); *In re Session's Estate,* 217 Or 340, 341 P2d 512 (1959).

Upon examining plaintiffs' complaint, the circuit court was under a duty to refuse on its own motion to proceed with the FED action because exclusive jurisdiction in such cases resided in the district court. The fact that the defendant *subsequently* filed a counterclaim within the circuit court's jurisdiction in the same case cannot enlarge the circuit court's authority to hear and determine FED actions. Such authority in those counties having a district court, including Douglas County, is strictly circumscribed by statute. ORS 46.070 and ORS 46.075 authorize such circuit courts to determine FED actions initially filed in district court and ordered transferred by the district court upon a defendant's motion. ORS 46.075 indicates that only then does the circuit court obtain jurisdiction to determine FED actions in counties having a district court.

■ We conclude that the circuit court lacked subject matter jurisdiction to hear plaintiffs' FED claim because the proper procedure for invoking its authority in such cases was not utilized. The parties' acquiescence or consent in an improper procedure could not confer jurisdiction on the circuit court in this matter. The Court of Appeals therefore was correct in raising the trial court's lack of subject matter jurisdiction to hear the FED claim on its own motion.

The Court of Appeals is affirmed.