Argued and submitted November 14, 1996, affirmed January 22, 1997

RODNEY D. KESSLER,
*Petitioner,*

*v.*

BOARD OF PAROLE
and POST-PRISON SUPERVISION,
*Respondent.*

(CA A92102)

931 P2d 801

Walter J. Ledesma, Deputy Public Defender, argued the cause for petitioner. With him on the brief was Sally L. Avera, Public Defender.

Christine Chute, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

Petitioner seeks review of an order of the Board of Parole and Post-Prison Supervision (Board) that denied his rerelease onto parole and ordered him to serve 27 months in prison for parole violations. ORS 144.335(1) (1993); ORS 183.482. The issue is whether ORS 144.346 prohibits the Board from ordering petitioner to serve more than six months in prison for a parole violation. We hold that it does not and affirm.

Petitioner was convicted on March 30, 1988, of Manufacture of a Controlled Substance and Ex-Convict in Possession of a Firearm, and was sentenced to concurrent ten- and five-year terms with a two-year minimum. While petitioner was serving his sentence, the 1989 legislature enacted ORS 144.346, which provides that

"(1) The [Board] shall adopt rules to establish parole revocation sanctions for parole violations committed on or after November 1, 1989.

"(2) To the extent permissible under law, the parole revocation sanctions established under this section shall be consistent with the post-prison supervision [PPS] violation sanctions set by rules of the Oregon Criminal Justice Commission."

Pursuant to that statute, the Board promulgated OAR 255-75-079, which established parole revocation sanctions, including,

"(2) For conduct constituting a crime:

"(a) An offender whose parole has been revoked may serve further incarceration of up to 180 days for each revocation.

"(b) An offender sentenced to post-prison supervision who has been returned to prison may serve further incarceration of up to 180 days, not to exceed the total sanction days provided in OAR 253-11-004.[1]

---

[1] Longer PPS violation sanctions are permissible for offenders sentenced as dangerous offenders or sentenced to life imprisonment for murder or aggravated murder. OAR 255-75-079. Neither criterion applies to petitioner.

"* * * * *

"(10) Notwithstanding subsections 1-9 of this rule, the Board may choose to deny rerelease on parole pursuant to OAR 255-75-096."

OAR 255-75-096(1), promulgated in 1984, provides that

"[u]pon a finding of aggravation * * * the Board may deny rerelease on parole and require the parole violator to serve to the statutory good time date."

Statutory support for OAR 255-75-096 traces back to 1973, when the legislature enacted ORS 144.343(2)(b), which authorizes the Board to

"[r]evoke parole and require that the parole violator serve the remaining balance of the sentence as provided by law."

Several years after the formulation of the foregoing statutory/administrative scheme, petitioner was paroled.

On March 8, 1995, petitioner committed multiple parole violations: False Information to a Police Officer, Assaulting a Police Officer, Possession of a Controlled Substance, Driving Under the Influence of Intoxicants, Reckless Driving, and Attempt to Elude/Flee. All of those parole violations constituted crimes. On May 26, 1995, the Board, relying on OAR chapter 255, division 75, ordered that petitioner "be returned to custody of the Department of Corrections to serve a further term of imprisonment." After a hearing on August 9, 1995, and "pursuant to OAR 255-75-079; OAR 255-75-096 and citing Exhibit H, aggravating factors,"[2] the Board issued an order denying petitioner's rerelease onto parole and setting his release date at August 29, 1997, two days before his statutory good-time release date. Petitioner requested administrative review of that order, arguing that

"ORS 144.34[6] expressly limits the sanctions the [B]oard may impose for a parole violation to the same sanctions

---

[2] The identified aggravating factors were "repetition of type of conduct associated with commitment offense or past conditions (return to drug & alcohol abuse, assaultiveness, involvement in same type of criminal activity); prior parole revocation."

[that] may be imposed for a post-prison supervision violation. This means six months is the maximum sanction [that] could be imposed on me."

The Board denied relief, citing OAR 255-75-096.

Petitioner first assigns error to the Board's imposition of a 27-month prison term for parole violations. He argues that ORS 144.346 mandates that parole violation sanctions be consistent with PPS violation sanctions and that the longest PPS violation sanction for conduct constituting a crime is six months. According to petitioner, the Board's order contravenes ORS 144.346, because it effectively imposes a 27-month sanction for his parole violations. Petitioner contends that ORS 144.343(2) does not apply here, because it "is permissive in language and thus must yield to the mandatory 'shall' in ORS 144.346," and because references to ORS 144.346 elsewhere in ORS 144.343 "reveal[ ] that ORS 144.346 is the statute the [B]oard is to use in deciding the sanction for a parole violation."

■ The Board responds that ORS 144.343 and OAR 255-75-096 unambiguously authorize it to revoke petitioner's parole, deny his rerelease, and require him to serve 27 months in prison for the parole violations. According to the Board, ORS 144.343(2) and 144.346 "can be harmonized easily," because

"[b]y inserting [the] clause [to the extent permissible under law], the legislature must have anticipated that there would be situations in which the [allowable actions under each statute] could not be made consistent."

We review for substantial evidence, errors of law and abuse of discretion. ORS 144.335(5); ORS 183.482(8).

The question in this case is whether the Board has the authority under ORS 144.343(2)(b), and after a finding of aggravation under OAR 255-75-096, to send petitioner back to prison for 27 months for parole violations, when ORS 144.346 mandates that parole revocation sanctions and PPS violation sanctions be consistent to the extent permissible under law, and the longest PPS violation sanction is six months. The answer is a matter of statutory construction. The first level of analysis is the text and context of the two

statutes. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993). In construing statutory text, we give words of common usage their plain, natural and ordinary meaning. *Id.* at 611. Furthermore, where two relevant statutes exist, courts should construe them so as to give effect to both, if possible. ORS 174.010 ("[W]here there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all."); *State v. Guzek*, 322 Or 245, 266, 906 P2d 272 (1995) (stating that courts generally do not assume that one statute repeals another by implication) (citing *Wilson v. Matthews*, 291 Or 33, 37, 628 P2d 393 (1981)); *Harris v. Craig*, 299 Or 12, 15 n 1, 697 P2d 189 (1985) (noting that when two statutes "are totally irreconcilable, the latter will prevail * * *; but if the statutes can function together, a claim that the earlier statute is superseded depends on some persuasive indication that the legislature meant the new statute to prevail over a[n] unrepealed (and perhaps unnoticed) one"); *see also Friends of Neabeack Hill v. City of Philomath*, 139 Or App 39, 49, 911 P2d 350, *rev den* 323 Or 136 (1996).

ORS 144.346(2) provides that "[t]o the extent permissible under law, the parole revocation sanctions * * * shall be consistent with the post-prison supervision violation sanctions." That language plainly means that parole revocation sanctions must be the same as PPS violation sanctions for the same conduct, unless some other law prevents the sanctions from being the same. That other law is ORS 144.343(2)(b). It provides that if a parolee violates the conditions of parole, "[t]he Board may * * * [r]evoke parole and require that the parole violator serve the remaining balance of the sentence as provided by law." That provision unambiguously authorizes the Board to send a parole violator back to prison until the expiration of the original sentence, as shortened by law to the statutory good-time release date.

■       Construed together, ORS 144.343(2)(b) and ORS 144.346 preclude the parole revocation sanction for conduct constituting a crime from always being consistent with the PPS violation sanction for the same conduct. The mandate of ORS 144.346 applies only "[t]o the extent permissible under law," and ORS 144.343(2)(b) provides for a different penalty

in some circumstances. Specifically, OAR 255-75-096(1) provides that if the Board makes a finding of aggravation, which it did in this case, it may deny rerelease onto parole and require that the parole violator serve the balance of the sentence as provided by law. Furthermore, although petitioner is correct that ORS 144.343 refers to ORS 144.346,[3] ORS 144.346 applies only to the extent permissible under law, and petitioner's reading of that statute would render ORS 144.343(2)(b) meaningless. Consequently, we conclude that the Board has the authority to order a parole violator to serve more than six months in prison for parole violations constituting crimes, where the Board makes a finding of aggravation under OAR 255-75-096, and the statutory good-time release date is more than six months away. Accordingly, the Board did not err.

■ Petitioner also raises several state and federal constitutional challenges to the validity of the Board's order. Because those claims of error were neither presented to the Board nor are apparent on the face of the record, we do not address them for the first time here. ORAP 5.45(2); *State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988) (discussing preservation of claims of error); *Woolstrum v. Board of Parole*, 141 Or App 332, 336-37, 918 P2d 112, *rev den* 324 Or 395 (1996) (refusing to address unpreserved claim of error).

Petitioner's second assignment of error is that the "[B]oard erred by setting petitioner's release date [at] two days before the good time release date." We rejected that

---

[3] ORS 144.343(3)(g)(B) provides that when the Board has reasonable grounds to believe that a parolee has violated parole and that revocation of parole may be warranted, the Board shall provide the parolee with written notice that a hearing is being held to determine:

"(i) Whether to reinstate parole;

"(ii) Whether to continue the alleged violator on parole subject to the same or modified conditions of parole; or

"(iii) Whether to revoke parole and require that the parole violator serve a term of imprisonment consistent with ORS 144.346."

Similarly, ORS 144.343(7) provides that, from the evidence produced at that hearing, the Board may determine

"whether to reinstate or continue the alleged parole violator on parole subject to the same or modified conditions of parole or revoke parole and require that the parole violator serve a term of imprisonment as provided by ORS 144.346."

argument in *Bollinger v. Board of Parole*, 142 Or App 81, 920 P2d 1111, *rev allowed* 324 Or 394 (1996).

Affirmed.