On appellant Ric Thompson's motion for reconsideration and reinstatement of his appeal in A129320 filed November 16, 2005, motion for reconsideration granted; appeal in A129320 reinstated May 3, 2006

Ric THOMPSON,
*Appellant,*

*v.*

TLAT, INC.,
dba C & G Autobody & Towing,
*Respondent,*

*and*

TRUE FORM COLLISION REPAIR, INC.,
dba C & G Autobody & Towing,
*Defendant.*

CV-030241; A129320

134 P3d 1099

Bruce H. Orr, Benjamin Rosenthal, and Meyer & Wyse, LLP, for motion.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Landau, Judge.

WOLLHEIM, P. J.

Brewer, C. J., dissenting.

## WOLLHEIM, P. J.

■     Plaintiff moves for reconsideration of our order dismissing his appeal. Plaintiff's motion raises the issue of whether a judgment that is nonappealable—due to the filing of motions for a new trial and for a judgment notwithstanding the verdict (JNOV)—remains enforceable. We grant plaintiff's motion and reinstate plaintiff's appeal.

■     A more detailed than usual discussion of the procedural history of this case is necessary. Plaintiff prevailed at trial. On March 16, 2005, before judgment was entered, defendant filed motions for a new trial and for JNOV.[1] On March 30, 2005, the trial court entered a general judgment. On April 28, 2005, the day before the hearing on the motions, defendant filed a notice of appeal from the general judgment. That appeal was assigned case number A128350. The trial court denied defendant's motions by order entered on May 12, 2005.

After judgment was entered, plaintiff delivered a writ of garnishment to defendant's bank in an attempt to enforce the judgment. Defendant filed a challenge to the writ. The trial court sustained the challenge and ordered a return of the money. Plaintiff's appeal here is from that order and was assigned case number A129320.

■     On August 16, 2005, we dismissed defendant's appeal (A128350) because defendant had filed the motions for a new trial and for JNOV. Those motions rendered the judgment nonappealable until the trial court entered an order disposing of the motions, or the motions were deemed denied 55 days after the entry of judgment, neither of which had occurred before defendant filed its appeal. *See, e.g.*, *Welker v. TSPC*, 332 Or 306, 312-13, 27 P3d 1038 (2001) (explaining effect of premature notice of appeal on appealability of judgment); *Alternative Realty v. Michaels*, 90 Or App 280, 286-87, 753 P2d 419 (1988) (same). Although the trial court entered an order on May 12, 2005, purporting to deny defendant's

---

[1] The motions for a new trial and for JNOV were timely filed, although they were filed before the entry of judgment. *Way v. Prosch*, 163 Or App 437, 442, 988 P2d 422 (1999) (a motion for new trial filed before entry of judgment nonetheless is timely).

motions for a new trial and for JNOV, defendant's April 28, 2005, notice of appeal had the effect of depriving the trial court of jurisdiction to enter that order. *See, e.g., Welker*, 332 Or at 314. Therefore, the trial court's order denying defendant's motions had no effect.[2]

We likewise dismissed plaintiff's appeal (A129320) from the order sustaining the objection to the writ on the ground that the trial court lacked jurisdiction to enter that order. On reconsideration, plaintiff argues that, despite the nonappealability of the judgment due to defendant's motions for a new trial and for JNOV, the judgment remained enforceable, and the trial court retained jurisdiction to enforce the judgment. We agree with plaintiff.

ORS 18.082(1) describes the effect of the entry of a judgment and provides:

"Upon entry of a judgment, the judgment:

"(a) Becomes the exclusive statement of the court's decision in the case and governs the rights and obligations of the parties that are subject to the judgment;

"(b) May be *enforced in the manner provided by law*;

"(c) May be *appealed in the manner provided by law*;

"(d) Acts as official notice of the court's decision; and

"(e) May be set aside or modified only by the court rendering the judgment or by another court or tribunal with the same or greater authority than the court rendering the judgment."

(Emphasis added.) Our task involves a question of statutory interpretation, and therefore, we follow our familiar methodology, beginning with the text and context of the statute. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993).

---

[2] Jurisdiction reverted to the trial court on August 16, 2005, when the appellate judgment issued terminating the appeal. ORS 19.270(6). The trial court did not reenter the order denying the motions for a new trial and for JNOV. Therefore, the motions eventually were deemed denied upon expiration of however many days of the 55-day period remained when defendant's notice of appeal was filed. *See, e.g., Welker*, 332 Or at 314. Defendant did not appeal.

Under ORS 18.082(1), the enforceability and appealability of a judgment are addressed in separate subsections. Further supporting this dichotomy, ORS 19.270(1)(b) allows the trial court to retain jurisdiction to "[e]nforc[e] the judgment" even though jurisdiction lies with the appellate courts.[3] In addition, ORCP 72 A provides that a judgment is subject to "[i]mmediate execution," unless the trial court "otherwise directs."[4] Neither ORCP 72 A nor any other statute discusses the effect that the filing of motions for a new trial or for JNOV have on the enforceability of a judgment.

In interpreting a statute, we are required to construe provisions on the same subject in harmony with each other. ORS 174.010; *Kessler v. Board of Parole*, 145 Or App 584, 589, 931 P2d 801 (1997), *rev den*, 329 Or 61 (1999). The aforementioned statutes, when read together, lead to the conclusion that the enforceability and appealability of a judgment are separate and distinct concepts. And because ORCP 72 provides that judgments are immediately executable, the filing of motions for a new trial and for JNOV have no effect on the enforceability of a judgment.[5]

---

[3] ORS 19.270(1) provides, in part:

"The Supreme Court or the Court of Appeals has jurisdiction of the cause when the notice of appeal has been served and filed * * *. The trial court * * * *retains jurisdiction in the matter* for the following purposes:

"* * * * *

"(b) *Enforcing the judgment*, subject to any stay of the judgment."

(Emphasis added.)

[4] ORCP 72 A provides, in part:

"Execution or other proceeding to enforce a judgment may issue *immediately upon the entry of the judgment*, unless the court directing entry of the judgment, in its discretion and on such conditions for the security of the adverse party as are proper, otherwise directs. The court shall have authority to stay execution of a judgment temporarily until the filing of a notice of appeal and to stay execution of a judgment pending disposition of an appeal[.]"

(Emphasis added.)

[5] The legislature may not have intended for appealability and enforceability to be severable, and we recognize the potentially negative consequences that the dissent points out—that a judgment debtor is at the judgment creditor's mercy if the trial court denies a stay. 205 Or App at 526 (Brewer, C. J., dissenting). A judgment debtor in that position would have no recourse to this court. Mindful of such potential consequences, we nevertheless are led to our conclusion by principles of statutory construction. Without further guidance from the legislature, we cannot hold otherwise.

Applying that reasoning to this case, defendant's filing of its notice of appeal, although depriving the trial court of jurisdiction to enter an order on defendant's motions, did not deprive the trial court of jurisdiction to enforce the judgment. Furthermore, defendant's motions did not render the judgment unenforceable. Therefore, plaintiff's appeal should be reinstated.[6]

Motion for reconsideration granted; appeal in A129320 reinstated.

**BREWER, C. J.,** dissenting.

I agree with the majority that plaintiff's motion for reconsideration and reinstatement of his appeal raises the single issue of whether a judgment that is nonappealable because of the pendency of a timely filed motion for new trial or judgment notwithstanding the verdict (JNOV) is nevertheless enforceable. Like the majority, I would grant reconsideration, but, unlike the majority, I would hold that a judgment that temporarily is nonappealable because of the pendency of a motion for new trial and motion for JNOV also is unenforceable. Accordingly, I would reaffirm the order of dismissal.

The majority and I agree on two fundamental propositions. First, we agree that the filing of defendant's motion for a new trial or JNOV rendered the judgment in this case nonappealable until either the trial court entered an order disposing of the motion or the motion was deemed denied by operation of law. *See, e.g., Welker v. TSPC,* 332 Or 306, 312-13, 27 P3d 1038 (2001). Second, we agree that ORS 18.082(1) describes the effects of the entry of a judgment, including that a properly entered judgment may be appealed and enforced "in the manner provided by law."[1] However, in my

---

[6] Plaintiff spends much of his motion for reconsideration distinguishing *Gull Industries v. Mustang Gas and Oil Co.,* 73 Or App 557, 699 P2d 1134, *rev den,* 299 Or 583 (1985), in which we held that a writ of garnishment could not issue because the judgment in that case was not final. The judgment in *Gull Industries* was not final because the trial court did not dispose of all the claims in that case. That problem is absent here.

[1] ORS 18.082 provides, in part:

"(1) Upon entry of a judgment, the judgment:

"(a) Becomes the exclusive statement of the court's decision in the case and governs the rights and obligations of the parties that are subject to the judgment;

view, the majority errs by adopting plaintiff's argument that the text and context of ORS 18.082(1) compel the conclusion that a nonappealable judgment can, in the present circumstances, be enforced.

In *Gull Industries v. Mustang Gas and Oil Co.,* 73 Or App 557, 699 P2d 1134, *rev den*, 299 Or 583 (1985), this court considered a similar question. In that case, the trial court entered judgment for the plaintiff on its claims but failed to address the defendant's counterclaims. After the entry of the judgment, the plaintiff issued a writ of garnishment to the defendant's bank. The bank refused to make payment on the writ and, instead, asserted that the judgment was not final under *former* ORS 18.125 (1979), *repealed by* Or Laws 1981, ch 898, § 53. The bank argued that the lack of finality rendered the writ of garnishment unenforceable. We upheld the bank's defense, concluding that a writ of garnishment could not lawfully be issued to enforce a nonfinal judgment.

Plaintiff argues that the reasoning in *Gull Industries* is not controlling here because, unlike the nonfinal judgment in that case, the judgment in this case disposed of all claims.[2] Plaintiff asserts that the writ of garnishment in *Gull Industries* was unenforceable because the underlying judgment was not conclusive, but here, the judgment conclusively disposed of all claims in the action. Plaintiff contends that it does not follow that, merely because a judgment is nonappealable for some reason—here because a motion for new trial or JNOV rendered the judgment temporarily nonappealable—it is not enforceable.[3]

---

"(b)  May be enforced in the manner provided by law;

"(c)  May be appealed in the manner provided by law;

"(d)  Acts as official notice of the court's decision; and

"(e)  May be set aside or modified only by the court rendering the judgment or by another court or tribunal with the same or greater authority than the court rendering the judgment."

[2]  In the context of judgments, "final" can mean that the trial court has decided all claims and therefore the judgment memorializing the decision is ripe for enforcement and appeal, or it can mean that all opportunities for appeal have been exhausted. ORS 18.005(8) defines a "judgment," in part, as "the *concluding* decision of a court" to signal that the judgment is enforceable and appealable, but not "final" in the sense that no appeal or further appeal may be taken from the judgment. (Emphasis added.)

[3]  In *Frank v. Matthiesen*, 116 Or 94, 100, 240 P 551 (1925), the Supreme Court, in addressing a different issue—whether an appeal from an original judgment, not

In my view, plaintiff's argument misses the point that the filing of the motion threatened the conclusiveness of the judgment. If the motion were granted, the judgment would no longer have memorialized the trial court's previous disposition of the case and, ultimately, a new judgment would have issued in the case. For that reason, it is perfectly understandable that the legislature would provide that a judgment is not appealable while a motion for new trial or JNOV remains pending. However, it makes little sense to conclude that the legislature intended for a temporarily nonappealable judgment to be enforceable.

True enough, ORS 18.082(1) provides that a judgment is both enforceable and appealable as "provided by law," thereby arguably creating the possibility of separate legal requirements for appealability and enforceability. And, of course, there are circumstances where an appealable judgment, at least temporarily, cannot be fully enforced, for example, when the appellant files a supersedeas undertaking. ORS 19.335. It is also elementary that, in order to perfect an appeal, a nonprevailing party must timely file a notice of appeal and satisfy other statutory requirements that exist independently of provisions of law that govern the enforcement of judgments. However, the fact that, in order to perfect an appeal from a judgment, a nonprevailing party must satisfy such requirements does not mean that the judgment is nonappealable. Plaintiff cites no provision of law, and I am aware of none, that authorizes the enforcement of a nonappealable judgment. Significantly, ORS 18.082(1) lists the effects of a judgment, including appealability, in the conjunctive. Multiple statutory requirements stated in the conjunctive generally must coexist to create a defined circumstance. *See, e.g., Grijalva v. Safeco Ins. Co.*, 153 Or App 144, 156, 956 P2d 995 (1998), *rev'd on other grounds*, 329 Or 36, 985 P2d

taken until five days after entry of judgment reversing order granting a new trial, would be dismissed as not within time the required by law—opined that the filing of a motion for a new trial did not of itself suspend the effect of an underlying judgment and that the judgment creditor "was entitled to execution from the date of the judgment until the motion for a new trial was granted." That case is not controlling here. It involved the construction of a long-repealed statute, not ORS 18.082, it did not follow any currently cognizable statutory construction methodology, and it did not grapple with the nonappealability of a judgment while a new trial motion is pending.

784 (1999) (where legislature used conjunctive to describe statutory requirements for attorney fee recovery, all must be met for recovery to occur).

It follows that ORS 18.082(1) plausibly can be interpreted to mean that a judgment cannot be enforced unless it also is, subject to statutory perfection requirements, appealable. That being so, it is appropriate to examine the legislative history of the statute to confirm, if possible, its meaning. ORS 18.082 was enacted from House Bill (HB) 2646 in the 2003 Legislative Assembly. HB 2646 was the product of the Oregon Law Commission's Judgments Work Group. The Work Group prepared a report that accompanied HB 2646. Regarding what became codified as ORS 18.082(1), the report stated:

> "Subsection (1) makes general statements about the effect of entry of a judgment. The most important of these statements is that upon entry, a judgment can be appealed and enforced. This provision is consistent with one of the Work Group's fundamental decisions: *There should never be 'judgments' that are entered in the register but that are not appealable and enforceable.*"

*Biennial Report of the Oregon Law Commission, 2001-2003*, Appendix O, Judgments Report at 14. (Emphasis added.) The legislative history of ORS 18.082(1) thus supports the view that judgments must be both enforceable, subject to legal limits such as stays, *and* appealable, subject to legal requirements for the perfection of appeals.

I acknowledge that a judgment generally is both appealable and enforceable between the date of its entry and the date of filing of a motion for new trial or JNOV. I also recognize that the filing of a notice of appeal does not deprive the trial court of jurisdiction to enforce the judgment. ORS 19.270(1)(b). Moreover, I agree that it is, to say the least, awkward that a judgment that was enforceable when entered would become at least temporarily unenforceable upon the filing of a motion for a new trial or JNOV. Finally, I concede that, if my conclusion is correct, a judgment debtor, by filing a motion for new trial or JNOV, could obtain a reprieve from enforcement of the judgment for up to 55 days

from the date of entry of judgment without providing any security for the judgment creditor.[4]

I nonetheless would conclude that, during a period of nonappealabilty, the legislature did not intend for a judgment to be enforceable. Under ORCP 72, a trial court has authority to stay enforcement of a judgment while a motion for new trial or JNOV is pending. However, if a judgment is made temporarily nonappealable by the filing of such a motion, the judgment debtor would be at the judgment creditor's mercy should the trial court refuse to stay enforcement of the judgment. Such a judgment debtor would have no recourse to this court, but could be forced to satisfy a judgment during a period of up to 55 days after the date of entry of judgment. It is apparent from the text and the legislative history of ORS 18.082(1) that the legislature did not contemplate such an inherently unfair circumstance. I therefore would hold that the judgment in this case was not enforceable while it remained nonappealable pending the trial court's determination of the motion for new trial or JNOV. Thus, on reconsideration, I would affirm our previous dismissal of plaintiff's appeal from the order sustaining defendant's objections to the writ of garnishment.

I respectfully dissent.

---

[4] The period in question could be up to 55 days if a judgment debtor took up to the tenth day following entry of judgment to file a motion for new trial or JNOV, and the trial court suffered the motion to be denied by operation of law by the passage of 55 days from the date of entry of judgment. *See* ORCP 63 D; ORCP 64 F.