On appellant's response to show cause filed August 30, and respondent's response to show cause filed September 13, 2006, appeal dismissed January 3, 2007

# STATE OF OREGON,
*Respondent,*

*v.*

# DENISE STARR,
*Appellant.*

05C-42878; A133106

150 P3d 1072

Denise Starr *pro se* for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jonathan H. Fussner, Attorney-In-Charge, for respondent.

Before Wollheim, Presiding Judge, and Schuman and Rosenblum, Judges.

SCHUMAN, J.

**SCHUMAN, J.**

■ On the court's own motion, we have raised the following issue in this criminal case: Is a motion in arrest of judgment, like a motion for a new trial, ORCP 64 F, deemed denied if, 55 days after the entry of judgment, no order ruling on the motion has been entered? We conclude that the motion is not deemed denied. We also conclude that the filing of a motion in arrest of judgment renders the judgment nonappealable until an order is entered disposing of the motion. Because no such order has been entered in this case, we dismiss the appeal.

Defendant was found guilty of a crime on April 6, 2006. On April 18, 2006, she filed a motion in arrest of judgment. At the sentencing hearing, the trial court orally denied the motion as untimely filed; however, no order on the motion was ever entered. On April 19, 2006, the trial court entered a judgment of conviction and sentence. On May 10, 2006, defendant filed a notice of appeal from the judgment. Because the trial court had not entered an order ruling on the motion in arrest of judgment, we dismissed the appeal as premature. The order of dismissal and appellate judgment issued on June 9, 2006. On August 8, 2006, defendant filed a second notice of appeal, which she asserted was not premature because more than 55 days had passed since the date of the entry of judgment. Defendant apparently reasoned that, like a motion for a new trial, a motion in arrest of judgment is automatically "deemed denied" if it has not been "heard and determined by the court within 55 days from the time of the entry of the judgment." ORCP 64 F. The validity of that presumption is the issue we now examine.[1] We hold that a

---

[1] It appears that the jurisdictional impact of a trial court's failure to enter an order disposing of a motion in arrest of judgment is of recent vintage. Prior to 2003, both a motion for new trial and a motion in arrest of judgment were subject to the same "deemed denied" period. *See* ORS 136.535(1), (3) (2001) (providing that a motion for new trial or a motion in arrest of judgment must be "heard and determined" within 20 days of entry of judgment, failing which the motion would be deemed denied). In 2003, the legislature enacted House Bill 2069 amending ORS 136.535 to delete subsections (1) through (3). Or Laws 2003, ch 288, § 1. That legislation had the effect of disconnecting motions in arrest of judgment from the "deemed denied" provision of ORCP 64 F made applicable to a motion for new trial by ORS 136.535.

motion in arrest of judgment is not subject to a "deemed denied" period, and, for that reason, the judgment remains nonappealable until the trial court enters an order disposing of the motion. Accordingly, on our own motion we again dismiss the appeal.

With respect to an appeal from a judgment in a criminal case, ORS 138.071(2) provides:

"If a motion for new trial or motion in arrest of judgment is served and filed the notice of appeal shall be served and filed within 30 days from the earlier of the following dates:

"(a) The date of entry of the order disposing of the motion; or

"(b) The date on which the motion is deemed denied."

Thus, because no order disposing of the motion has been entered, the judgment in this case is not subject to appeal until an order is entered denying the motion. *See Welker v. TSPC*, 332 Or 306, 312-13, 27 P3d 1038 (2001) (so holding in a civil case); *Mitchell & Lewis Co. v. Downing*, 23 Or 448, 454, 32 P 394 (1893) (same).

■ Preliminarily, we note that a defendant may file a motion in arrest of judgment before any judgment has actually been entered. ORS 136.500 provides that a motion in arrest of judgment "must be made within the time allowed to file a motion for a new trial." A motion for new trial must be filed "not later than 10 days after the entry of the judgment sought to be set aside * * *." ORCP 64 F; ORS 136.535 (stating that ORCP 64 F applies in criminal actions). Because that rule provides that the motion for a new trial shall be filed "not later than" a certain number of days after entry of judgment, we have construed that provision, at least in a civil case, to mean that a motion filed *before* entry of judgment nevertheless is not premature. *Way v. Prosch*, 163 Or App 437, 442, 988 P2d 422 (1999). We see no reason why a motion for a new trial should be treated differently in a criminal case than in a civil case. It follows, then, that a motion for a new trial is timely filed in a criminal case notwithstanding that the motion is filed before entry of judgment. Further, the timing rules for a motion for a new trial and a motion in arrest of judgment are the same. ORS 136.500. Thus, we conclude that

defendant did not prematurely file her motion in arrest of judgment, even though she filed the motion before the trial court entered the judgment of conviction and sentence.

■ Under ORS 136.500, although a motion in arrest of judgment must be filed within the same time allowed for a motion for a new trial, "both such motions may be made and heard as the court directs." That authority is limited in regard to motions for a new trial, however, by ORCP 64 F, under which such motions "shall be heard and determined by the court within 55 days from the time of the entry of the judgment, and not thereafter, and if not so heard and determined within said time, the motion shall conclusively be deemed denied." Even more importantly, although ORS 136.500 addresses when a motion in arrest of judgment must (or may) be filed and when the motion may be heard, neither ORS 136.500 nor any other authority prescribes when a motion in arrest of judgment must be "determined." It follows, then, that, unlike a motion for a new trial, there is no period of time after which a motion in arrest of judgment is deemed denied.[2]

■ The state's response to our order to show cause assumes both that a motion in arrest of judgment is subject to a 55-day deemed denied period and that the running of that period was not affected by the filing of defendant's first notice of appeal. As we have explained, the state is mistaken as to its first assumption. It also is mistaken as to its second assumption. With respect to a motion for a new trial, it has long been the law that, under ORS 19.270(1),[3] the filing of a

---

[2] Nor, in this case, may the parties rely on the trial court's apparent oral denial of defendant's motion in arrest of judgment. A motion for new trial is "determined" by the trial court only when the trial court enters an order ruling on the motion; the date of an oral ruling is of no consequence. *Ryerse v. Haddock*, 185 Or App 679, 685, 60 P3d 1107 (2003), *aff'd*, 337 Or 273, 95 P3d 1120 (2004); *State ex rel Shrunk v. Johnson*, 97 Or App 420, 776 P2d 963 (1989) (so holding). We perceive no reason why the same principle should not apply to a motion in arrest of judgment. It follows, then, that the trial court's oral ruling denying defendant's motion in arrest of judgment did not "determine" the motion within the meaning of ORS 138.071(2).

[3] ORS 19.270(1) provides:

"The Supreme Court or the Court of Appeals has jurisdiction of the cause when the notice of appeal has been served and filed as provided in ORS 19.240, 19.250 and 19.255. The trial court may exercise those powers in connection with the appeal as are conferred by law, and retains jurisdiction in the matter for the following purposes:

notice of appeal deprives the trial court of jurisdiction to rule on the motion. *Welker*, 332 Or at 314 (holding that the filing of a notice of appeal deprives the trial court of jurisdiction to rule on a motion for new trial); *Johnstone and Johnstone*, 152 Or App 801, 804, 955 P2d 762 (1998) (same); *Alternative Realty v. Michaels*, 90 Or App 280, 287, 753 P2d 419 (1988) (same). Although those cases concerned motions for new trial in civil cases, ORS 138.185(2) makes ORS 19.270 applicable to criminal cases, and we can think of no reason why a trial court would retain jurisdiction after the filing of a notice of appeal to rule on a motion in arrest of judgment in a criminal case. It follows that the trial court in this case lacked jurisdiction to rule on defendant's motion in arrest of judgment between the date that defendant filed her first notice of appeal and the date that the appellate judgment issued terminating that appeal. Moreover, so long as this appeal remains pending, the trial court still lacks jurisdiction to rule on the motion.

On our own motion, we also raise the issue whether, under *Gillespie v. Kononen,* 310 Or 272, 797 P2d 361 (1990), the trial court's failure to enter an order ruling on the motion in arrest of judgment itself might be an appealable event.

*Gillespie* was an eviction action in which the defendant, after the plaintiffs had dismissed their action, moved for an award of attorney fees. The trial court entered an order, granting attorney fees and costs in the amount of zero dollars ($.00); the defendant appealed from that order. We determined that we lacked jurisdiction of the appeal because no judgment had been entered, but we also exercised our authority under *former* ORS 19.033(4), now ORS 19.270(4), to give the trial court leave to enter a judgment.[4] The

---

"(a) Deciding requests for attorney fees, costs and disbursements or expenses pursuant to ORCP 68 or other provision of law.

"(b) Enforcing the judgment, subject to any stay of the judgment."

[4] ORS 19.270(4) provides:

"Notwithstanding the filing of a notice of appeal, the trial court has jurisdiction, with leave of the appellate court, to enter an appealable judgment if the appellate court determines that:

"(a) At the time of the filing of the notice of appeal the trial court intended to enter an appealable judgment; and

"(b) The judgment from which the appeal is taken is defective in form or was entered at a time when the trial court did not have jurisdiction of the cause

defendant then moved the trial court for entry of a judgment, but the trial judge denied that motion on the ground that he already had entered an order of dismissal; the defendant appealed from that order. We dismissed that appeal, holding that we lacked jurisdiction because "[a]n order is not a judgment and cannot take the place of or be substituted for a judgment. Even if the trial court intended its order of dismissal to be final, it is not a final judgment." *Gillespie v. Kononen*, 98 Or App 62, 64-65, 778 P2d 963 (1989), *rev'd*, 310 Or 272, 797 P2d 361 (1990) (citations omitted).

On review, the Supreme Court reversed, holding that the trial court's order denying the defendant's

> "motion for entry of a judgment, although not labeled a 'judgment,' should be 'deemed a judgment' *for the purpose of being reviewed on appeal* under ORS 19.010(2)(a) [now ORS 19.205(2)] [because] [c]learly, it is an order 'affecting a substantial right,' and 'which in effect determines the action * * * *so as to prevent a judgment * * * therein.*'"

*Gillespie*, 310 Or at 279 (emphasis in original; omissions in original). The court reasoned that "the trial judge's * * * order denying defendant attorney fees was an 'intermediate order * * * necessarily affecting the judgment.' The Court of Appeals therefore had jurisdiction over both the appeal and that order." *Id.*

The key fact in *Gillespie* that allowed the Supreme Court to conclude that this court had jurisdiction was the trial court's entry of the order denying the defendant's motion for entry of judgment. In this case, by contrast, the trial court has failed to enter any order at all regarding defendant's motion in arrest of judgment. Defendant, by filing this appeal, relied upon her assumption that the trial court's *oral* ruling denying her motion in arrest of judgment, was in fact an order "determining" the motion. As we explained above, it was not. Because there is no order denying defendant's motion, and because a motion in arrest of judgment is not

under subsection (1) of this section, or the trial court had not yet entered an appealable judgment."

subject to a deemed denied period, the motion remains pending, and the failure to enter an order does not "in effect determine the action * * * so as to prevent a judgment in the action" as did the trial court's explicit refusal to enter a judgment in *Gillespie*. Indeed, the trial court already has entered a judgment in this case and, although the filing of the motion in arrest of judgment has rendered the judgment temporarily nonappealable, the judgment itself remains effective for the purpose of enforcement. *See Thompson v. Tlat, Inc.*, 205 Or App 518, 523, 134 P3d 1099 (2006) (filing of motion for new trial and for judgment notwithstanding the verdict did not render judgment unenforceable).

In the absence of an order entered in the register disposing of defendant's motion in arrest of judgment, the judgment of conviction and sentence remains nonappealable and, therefore, defendant's appeal is premature under ORS 138.071(2). On that ground we dismiss the appeal.[5]

Appeal dismissed.

---

[5] Upon issuance of the appellate judgment, when the trial court regains jurisdiction of the case, we anticipate that the trial court promptly will enter an order disposing of defendant's motion in arrest of judgment, which will then set the stage for defendant to appeal from the underlying judgment.