DeVORE, P. J.
*336 *618 Defendant requests that the court determine whether he prematurely filed a notice of appeal from a judgment of conviction and sentence. Defendant timely filed a motion in arrest of judgment, the trial court did not decide that motion within 55 days after the date of entry of judgment, and defendant thereafter filed a notice of appeal. Under the circumstances, we conclude that defendant filed an effective notice of appeal and that we have jurisdiction to proceed with the appeal.
The trial court entered the judgment on November 7, 2017. On November 17, 2017, defendant filed a motion in arrest of judgment. Defendant filed a notice of appeal from the judgment on December 7, 2017. The fifty-fifth day after entry of judgment was January 1, 2018. The trial court did not enter an order ruling on the motion in arrest of judgment on January 2, 2018. On January 10, 2018, defendant filed an amended notice of appeal.
Today, ORS 136.535(2) provides that "[t]he provisions of ORCP 64 F governing motions for a new trial apply to and regulate motions in arrest of judgment in criminal actions." ORCP 64 F(1) provides that a "motion to set aside a judgment and for a new trial, with the affidavits or declarations, if any, in support thereof, shall be filed not later than 10 days after the entry of the judgment sought to be set aside, or such further time as the court may allow." Further, ORCP 64 F(1) provides that a "motion to set aside a judgment and for a new trial * * * shall be heard and determined by the court within 55 days from the time of the entry of the judgment , and not thereafter, and if not so heard and determined within said time, the motion shall conclusively be deemed denied ." (Emphasis added.)
In this case, because the fifty-fifth day after the date of entry of judgment was a legal holiday, the trial court had until January 2, 2018, to enter an order deciding defendant's motion in arrest of judgment.[1] In *619 Propp v. Long , 313 Or. 218, 831 P.2d 685 (1992), the court held that, under ORCP 64 F, a trial court has the full 55-day period to enter an order deciding the motion; therefore, absent an order deciding the motion sooner, the motion is not deemed denied until the fifty-sixth day. But, here, the fifty-fifth day was January 1, a legal holiday. Generally, under ORS 174.120(3), when the last day by which a court may perform an act is a legal holiday, the act must be performed "on the next day that the court is open for the purpose of filing pleadings and other documents." The same is true under ORCP 10 A.[2] The trial court was open for those purposes on January 2, 2018. It follows, then, that defendant's motion was not deemed denied until January 3, 2018. Under ORS 138.071(2)(b), defendant had 30 days from that date to file notice of appeal. Defendant did so by filing an amended notice of appeal on January 10, 2018. Therefore, defendant filed an effective notice of appeal within the time permitted. This appeal was not premature or without jurisdiction. *337 We write to note this conclusion because it has not always been so. In State v. Starr, 210 Or. App. 409, 150 P.3d 1072 (2007), as here, the defendant timely filed a motion in arrest of judgment, the trial court did not enter an order deciding the motion within 55 days of the date of entry of judgment, and the defendant filed a notice of appeal within 30 days of expiration of the 55-day period of time. The court held that, under ORS 136.535 (2003),[3] the "deemed denied" *620 provision of ORCP 64 F(1) applied only to a motion for new trial and not to a motion in arrest of judgment and, therefore, the "deemed denied" provision of ORS 138.071(2)(b) applied only to a motion for a new trial and not to a motion in arrest of judgment. We concluded that "because no order disposing of the motion has been entered, the judgment in this case is not subject to appeal until an order is entered denying the motion." Starr , 210 Or. App. at 412, 150 P.3d 1072.
Prior to 2003, both a motion for new trial and a motion in arrest of judgment were subject to the same "deemed denied" period. See ORS 136.535(1), (3) (2001) (motion for new trial or motion in arrest of judgment must be "heard and determined" within 20 days of entry of judgment, failing which the motion would be deemed denied). In 2003, the legislature enacted House Bill 2069, amending ORS 136.535 to delete subsections (1) through (3). Or. Laws 2003, ch. 288, § 1. That legislation had the effect of disconnecting motions in arrest of judgment from the "deemed denied" provision of ORCP 64 F made applicable to a motion for new trial by ORS 136.535.
That problem has been remedied. The 2009 legislature amended ORS 136.535 by adding subsection (2), which now provides that "[t]he provisions of ORCP 64 F governing motions for a new trial apply to and regulate motions in arrest of judgment in criminal actions." Or. Laws 2009, ch. 112, § 1. The 2009 amendment to ORS 136.535 had the effect of undoing the 2003 amendment discussed in Starr , once again making motions in arrest of judgment in criminal cases subject to the "deemed denied" provision of ORCP 64 F(1).
Motion to determine jurisdiction granted; jurisdiction determined; appeal to proceed.

Under ORS 174.120(2), for the purpose of determining whether a person has complied with a statutory time limitation, the designated period includes the last day unless the last day, in addition to other days, is "[a] legal holiday or Saturday." New Year's Day, January 1, is a legal holiday. ORS 187.010(1)(b).

ORCP 10 A provides:
"In computing any period of time prescribed or allowed by these rules, by the local rules of any court, or by order of court the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday or a legal holiday, including Sunday, in which event the period runs until the end of the next day that is not a Saturday or a legal holiday. If the period so computed relates to serving a public officer or filing a document at a public office, and if the last day falls on a day when that particular office is closed before the end of or for all of the normal work day, the last day shall be excluded in computing the period of time within which service is to be made or the document is to be filed, in which event the period runs until the close of office hours on the next day the office is open for business. When the period of time prescribed or allowed (without regard to section B of this rule) is less than 7 days, intermediate Saturdays and legal holidays, including Sundays, shall be excluded in the computation. As used in this rule, "legal holiday" means legal holiday as defined in ORS 187.010 and 187.020. This section does not apply to any time limitation governed by ORS 174.120."

As discussed below, the legislature amended ORS 136.535 in 2009.